■ TOWN OF NORTH HEMPSTEAD, Respondent, v. SALVATORE DE FEO et al., Appellants.— Judgment of the Supreme Court, Nassau County, dated July 1, 1965, modified, on the law and the facts, by striking out the injunctive provision in subdivision "4" of the third decretal paragraph thereof, which enjoins defendants "4. From storing and displaying motorcycles in front of and adjacent to the subject premises". As so modified, judgment affirmed insofar as appealed from, without costs and without prejudice to such action which plaintiff may be advised to take, as hereinbelow mentioned. Findings of fact contained in the trial court's decision relating to the storage and display of motorcycles so far as they are inconsistent herewith are hereby reversed and new findings are made as indicated herein. On June 17, 1959 the Town Board of plaintiff town granted defendants' application for a variance on condition, among others, that the building in question be closed and all activity on the premises cease at 9:30 P.M. By failing to institute an article 78 proceeding to attack this condition, defendants lost the right to argue the efficacy thereof. Desistance from storing and displaying motorcycles in front of and adjacent to the premises was not one of the conditions upon which the variance was granted. However, the deletion of the prohibition as to motorcycles from the judgment should be without prejudice to such action by the town as it may be advised to take by reason of its claim that such storage and display is barred by former sections 82.1, 82.2, 82.3, 82.4 and 136.59 (presently sections 16.24, 16.25, 16.26, 16.27, and 23.69) of the Building Zone Ordinance. No claim of prohibition under the enumerated sections of this ordinance was made

in the pleadings. Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.