TOWN OF BURLINGTON *v.* ALBERT E. JENCIK ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued March 11—decision released May 27, 1975

*Peter B. Sullivan,* with whom, on the brief, was *Austin Carey, Jr.,* for the appellants (defendants).

*John B. Nolan,* with whom, on the brief, were *W. Robert Hartigan* and *Charles H. Dyer,* for the appellee (plaintiff).

HOUSE, C. J. This appeal presents a narrow issue and the parties stipulated to the basic facts. The defendants own a tract of land on Rock Street in Burlington which, together with the surrounding area, is zoned for business. In August of 1967, the defendants applied to the Burlington zoning board of appeals for a variance of the building setback lines applicable to their property on which they wished to erect a garage. That board granted the variance. In its vote the board noted that the existing parking situation presented "an almost intolerable condition both for town road employees as well as property owners along the street." It voted to grant the variance "and approve the proposed construction of a garage to be used exclusively for the private garaging of automobiles and not for commercial repair work of any type. This variance is limited to construction of this garage exactly placed as indicated on the drawing accompanying the application and also limited to the exact size of the proposed garage. 30 by 38 feet." At the hearing on the application for the variance, the defendants had stated that the purpose of the garage was "to get their three automobiles off the street and under cover and that if the variance were granted the garage that would be constructed would be used solely

for the private garaging of motor vehicles." The defendants did not take an appeal from the decision of the zoning board of appeals granting the limited variance nor have they ever applied to the board for reconsideration or modification of the terms of the limitation contained in the board's decision. The defendants constructed the garage and presently are using it and for a period of time have been using it for the purpose of storage and sale of snowmobiles and other merchandise. It was stipulated by the parties and found by the court that the present use of the garage building violates the conditions pertaining to the use of the garage established by the board. The plaintiff notified the defendants that their use of the garage is in violation of the condition under which the variance was granted and that unless they desisted in such use the plaintiff would seek legal redress, but the defendants have continued to violate the terms of the variance in their use of the property. The plaintiff brought an action to enjoin the defendants from using the garage for any purpose other than the private garaging of automobiles. The court found the issues for the plaintiff and issued the injunction as requested. It is from that judgment that the defendants brought the present appeal. It is their basic claim that the limitation imposed by the board of appeals is, as a matter of law, illegal and invalid, but that notwithstanding that invalidity the variance itself is valid.

A variance is authority extended to the owner to use his property in a manner forbidden by the zoning enactment. *Lurie* v. *Planning & Zoning Commission,* 160 Conn. 295, 304, 278 A.2d 799; *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 72, 147 A.2d 472. In granting a variance, the board is presumed

to have acted fairly and upon valid reasons unless the contrary is shown; *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 139, 154 A. 343; and the board has wide discretion to grant variances. *Kamerman* v. *LeRoy,* 133 Conn. 232, 235, 50 A.2d 175.

A zoning board of appeals may, without express authorization, attach reasonable conditions to the grant of a variance. *Lurie* v. *Planning & Zoning Commission,* supra. As this court in that case (p. 304) quoted with approval from *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 636, 109 A.2d 256, in noting the distinction among special permits, exceptions and variances: "[A] variance is authority extended to the owner to use his property in a manner forbidden by the zoning enactment, while an exception allows him to put his property to a use which the enactment expressly permits. The right to attach reasonable conditions to the grant of a variance is not dependent upon express authorization from the lawmaking body. 1 Yokley, Zoning Law and Practice (2d Ed.) § 144; Bassett, Zoning, p. 128; 58 Am. Jur. . . . [Zoning, § 196]; see *Kelley* v. *Board of Zoning Appeals,* 126 Conn. 648, 652, 13 A.2d 675. Were this not so, the board, for lack of such right, might be forced, at times, to deny a variance and thus to perpetuate an owner's plight crying for relief." Since variances allow uses forbidden by the regulations, the attachment of conditions to the granting of a variance alleviates the harm which might otherwise result. 3 Anderson, American Law of Zoning § 14.56. Were it not for the conditions imposed by a board of appeals, variances might not be supportable as being in harmony with the general purpose and intent of the zoning ordinance. *Bora*

v. *Zoning Board of Appeals,* 161 Conn. 297, 301, 288 A.2d 89. Thus the variance and the attached conditions are inextricably linked, the viability of the variance being contingent upon the satisfaction of the conditions.

The trial court concluded that the restrictions imposed by the zoning board of appeals were reasonable and not arbitrary, illegal or an abuse of discretion. Although the defendants have attacked this conclusion, it is one which the court could reasonably and logically reach on the basis of the stipulated facts.

The defendants also argue that because the limitation prohibits a use which would otherwise be lawful in the zone in which the property is situated it is unreasonable as a matter of law. In advancing this claim, the defendants fail to distinguish between the use of their lot for business which is, of course, a permitted use for which no variance was necessary, and the construction thereon of a specific garage in a specific location which, in the absence of the variance of the setback requirements contained in the zoning ordinance, was forbidden.

The defendants sought the variance in the setback requirements to build a garage, the stated purpose of which was to get their automobiles off the street and under cover. They also represented that if the variance were granted, the garage would be used solely for the private garaging of automobiles. The variance was granted with that specific condition attached. In light of the almost intolerable parking conditions which the board of appeals found to exist and the defendants' representations as to the intended use of the garage, the conditions attached

to the grant of the variance in the setback requirements were in harmony with the general purpose and intent of the regulation and were reasonable and not arbitrary, illegal or an abuse of discretion.

The defendants' remaining assignments of error either have not been briefed and are, accordingly, considered to have been abandoned; *Lonergan* v. *Connecticut Food Store, Inc.,* 168 Conn. 122, 134, 357 A.2d 910; or would not affect our decision.

We have not overlooked the persuasive authorities cited by the plaintiff in support of its further claim that the defendants have by their conduct waived any right to attack the validity of the restriction imposed by the zoning board of appeals on the use of the garage erected by the defendants as a result of the variance which was granted to them. See *Zweifel Manufacturing Corporation* v. *Peoria,* 11 Ill. 2d 489, 144 N.E.2d 593; *North Hempstead* v. *DeFeo,* 27 App. Div. 2d 860, 278 N.Y.S.2d 569; *Skipjack Cove Marina, Inc.* v. *County Commissioners,* 252 Md. 440, 250 A.2d 260. However, in view of the conclusion which we have reached on the merits of the appeal, it is unnecessary to consider this further claim.

There is no error.

In this opinion MacDonald, Bogdanski and Longo, Js., concurred; Loiselle, J., concurred in the result.