RANDY VASZAUSKAS *v.* ZONING BOARD OF APPEALS OF THE TOWN OF SOUTHBURY ET AL.
(13835)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued March 6—decision released May 15, 1990

*Timothy S. Hollister,* with whom was *Thomas J. Rechen,* for the appellants (defendants).

*Lawrence R. Pellett,* with whom was *Robert L. Chase,* for the appellee (plaintiff).

SHEA, J. The principal issue in this appeal is whether the trial court erred in concluding that an invalid condition could be severed from the approval of an application for a zoning variance, thus upholding the granting of the variance. The plaintiff, Randy Vaszauskas, appealed from a decision rendered by the defendant zoning board of appeals of the town of Southbury (board),[1] granting him a variance from the application of two relevant zoning regulations, subject to the fulfillment of several conditions. The trial court determined that one of the conditions was invalid, since it was incapable of being met. The court concluded, nevertheless, that the invalid condition was not an

---

[1] The clerk of the town of Southbury, Joyce K. Hornbecker, was also named as a defendant in the action.

"integral" part of the board's decision and, therefore, could be severed from the remainder of the otherwise valid variance.

The record reveals the following relevant facts. On January 11, 1988, the plaintiff applied to the board for a variance from certain zoning regulations, so that he might enlarge a pond already existing on his farm and also excavate a second pond on the same property. The plaintiff intended to use the ponds to raise trout and also to provide increased irrigation for his crops. The plaintiff required a variance because the property, located on Crook Horn Road in the town of Southbury, was located within a flood plain and the proposed plan required the removal of soil from his property. Removal was necessary because the soil excavated for the ponds could not have been stored on the plaintiff's property without affecting the function of the flood plain.

After several hearings, the board granted the plaintiff's application for a variance[2] subject to three conditions, one of which was that he "receive the required temporary soil extraction permit from the Planning Commission . . . ."[3] At trial, the plaintiff argued that

[2] The variance granted relief from the application of paragraphs 5.2.2 and 8.2.6 of the Southbury Zoning Regulations. Paragraph 5.2.2 of the zoning regulations provides in part: "Within the Flood Plain District, there shall be no paving, other than normal maintenance and repair of roads and driveways, and there shall be no excavation, grading, deposit or removal of earth materials on any lot, *other than in connection with a bona fide farm* . . . ." (Emphasis added.)

Paragraph 8.2.6 of the zoning regulations provides that the following is a permitted operation: "[N]ecessary excavation, grading or deposit, *expressly excluding removal,* in connection with a bona fide farm . . . for which a ZONING PERMIT and CERTIFICATE OF ZONING COMPLIANCE have been issued by the Zoning Enforcement Officer and when such excavation, grading or deposit is clearly in support of the raising of crops, forest products and/or livestock and poultry." (Emphasis added.)

[3] The zoning board of appeals granted the variance subject to the following conditions: "1. The proposed activity shall adhere to the requirements of the Department of Environmental Protection and the Army Corps of Engineers.

the board had abused its discretion by requiring that he obtain the soil extraction permit and, consequently, asked that the court remove that condition from the operation of the variance, pursuant to General Statutes § 8-8 (f).[4] The court noted that the plaintiff had abandoned all other grounds for his appeal from the board's decision and, therefore, sought to contest only the condition imposed by the board requiring that he obtain a soil extraction permit. The board conceded, before the trial court, that it would have been impossible for the plaintiff to obtain the required soil extraction permit since the planning commission was without authority to issue such a permit when, as was the case here, the property in question was located within a flood plain district.[5]

The court found that in granting the variance, the board had specifically concluded that the plaintiff's proposed excavation was directly linked to his farming, and thus constituted a permitted use under paragraph 8.2.6 of the zoning regulations. Because of this finding, the court concluded that, under the regulations, a soil extraction permit would not have been required for the plaintiff's proposed excavation, except for the

---

"2. The proposed activity shall adhere to the conditions of approval as imposed by the Inland Wetlands Agency.

"3. The applicant shall receive the required temporary soil extraction permit from the Planning Commission as required by Section 8 of the Zoning Regulations."

[4] General Statutes § 8-8 (f) provides in part: "The court, upon an appeal taken under subsection (a) of this section and after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from."

[5] Paragraph 8.5 of the Southbury Zoning Regulations provides in part: "An APPLICATION for a TEMPORARY SOIL EXTRACTION PERMIT may be approved only for the following:

"a. The excavation and removal of sand, gravel and stone suitable for construction work, when such excavation and removal are not located in a Flood Plain District . . . . " The plaintiff's application sought no variance with respect to this regulation.

condition imposed by the board when it approved the variance. The court noted that the zoning regulations specifically empowered the board to vary the zoning regulations and Flood Plain Management Ordinance to allow the excavation and removal of soil in a flood plain district.[6] Recognizing that the board was charged with determining whether the proposed excavation and removal were reasonably necessary to establish or support a permitted use or variance, the court concluded that, having made such findings, the board in this case "mistakenly exceeded its authority by requiring [the] plaintiff to obtain a soil extraction permit, which was not required by the regulations, was unnecessary to the granting of the variance, and [was] not available under the circumstances." On this basis, the court ruled that the third condition imposed by the board had to be severed from the variance in order to uphold the remainder of the board's decision, which was otherwise supported by sufficient evidence and presumed to be valid.

The board has appealed from this decision, claiming that the trial court erred in holding that: (1) the board did not have the authority, in this case, to attach as a condition to the variance a requirement that the plaintiff comply with the zoning regulations concerning soil extraction; and (2) the condition was not an integral part of, and therefore could be severed from, the board's decision to grant the variance in this case. We agree with the board that the second holding was erroneous and, therefore, that the trial court erred in sustaining the plaintiff's appeal.

---

[6] The trial court cited paragraph 14.12.2 of the Southbury Zoning Regulations, which provides that the board shall have the duty "to issue variances from the standards of Section 5 and [the Flood Plain Management Ordinance], under the general considerations set forth in Par. 5.2 and the conditions for variance specified in Par. 5.3 of the Ordinance . . . ."

I

The board argues that it was empowered to condition its approval of the plaintiff's variance application upon his first having obtained a soil extraction permit from a coordinate town agency. Relying upon *Blaker* v. *Planning & Zoning Commission,* 212 Conn. 471, 481–82, 562 A.2d 1093 (1989), and *Lurie* v. *Planning & Zoning Commission,* 160 Conn. 295, 302–306, 278 A.2d 799 (1971), the board claims that it may properly impose conditions on the granting of variances from any applicable zoning regulations. Thus, the defendants argue, this court's holding in *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 592–93, 409 A.2d 1029 (1979), that approval of a subdivision plan cannot depend upon a condition that cannot be fulfilled by either the applicant or the zoning authority, is not controlling in this case, since: (a) conditions may be imposed on the granting of a variance; see *Burlington* v. *Jencik,* 168 Conn. 506, 509–10, 362 A.2d 1338 (1975); and (b) "a zoning board of appeals, acting on a variance, has an even stronger right than a zoning commission acting on a special permit to impose as a condition compliance with the requirements of a coordinate agency."

We have no reason in this case to address fully the board's reasoning, since its argument ignores a significant aspect of the principle underlying our decisions in *Blaker* and *Lurie.* In *Lurie,* we held that "where an exception or a special permit is granted and the grant is otherwise valid except that it is made *reasonably* conditional on favorable action by another agency or agencies over which the zoning authority has no control, its issuance will not be held invalid solely because of the existence of any such condition." (Emphasis added.) *Lurie* v. *Planning & Zoning Commission,* supra, 307; *Blaker* v. *Planning & Zoning Commission,* supra, 482.

As it relates to this case, the operative portion of our holding in those cases is that any conditions imposed by the zoning authority must be reasonable. The board has conceded, before both this court and the trial court, that the third condition imposed upon the granting of the plaintiff's variance could not have been met, since the regulations governing the issuance of soil extraction permits specifically prohibited the removal of soil from property located within a flood plain district.

The board argues, nevertheless, that the condition imposed upon the granting of the variance was legitimately included, since the intent of the board was to ensure that the plaintiff complied with the comprehensive requirements, contained in the zoning regulations, for removal of soil from property within the town of Southbury.[7] While this was certainly a legitimate consideration for the board, given the amount of soil involved in this matter, the fact remains that the board, instead of granting a variance from the "no removal" portion of the regulations conditioned upon the plaintiff's satisfaction of the regulations governing such removal, imposed the requirement that the plaintiff obtain a soil extraction permit, which, as the board concedes, would have been a fruitless effort.[8]

---

[7] The Southbury Zoning Regulations include a comprehensive scheme governing the removal of soil from property within the town. The zoning regulations provide for: (1) "Criteria for Evaluation of Applications"; paragraph 8.6; (2) "Minimum Standards - Site"; paragraph 8.7; (3) "Minimum Standards - Operations"; paragraph 8.8; (4) "Application"; paragraph 8.9; (4) "Procedure"; paragraph 8.10; (5) "Administrative Requirements"; paragraph 8.11; (6) "Town Operations"; paragraph 8.12; and (7) "Existing Operations"; paragraph 8.13.

[8] The trial court specifically found that the board "had the authority to vary the zoning regulations and Flood Plain Management Ordinance so as to allow excavation and removal for [the purposes proposed by the plaintiff] in a Flood Plain District." The parties have informed us that the question of whether the board possesses such authority is the subject of another ongoing case brought by the zoning enforcement officer of the zoning commission against the board. *Goldberg* v. *Zoning Board of Appeals,* Superior

Conditions that are impossible to satisfy are patently unreasonable and we hold, therefore, that zoning authorities may not impose such conditions on their grants of variances, regardless of whether the condition is to be fulfilled by the applicant, another agency or the zoning authority itself. The trial court did not err in concluding that the condition imposed by the board in this case was invalid.

## II

The board also claims that the trial court erred in concluding that the condition it imposed, requiring the plaintiff to obtain a soil extraction permit, could be severed from the remainder of the variance granted to the plaintiff. The board argues that the condition was an "integral" part of its decision to grant the variance and, therefore, invalidation of the condition required invalidation of the variance. The trial court rejected this argument, concluding that the condition was "unnecessary to the granting of the variance," and that "[a]fter reviewing the evidence and deciding that the zoning regulations should be varied so as to permit plaintiff to enlarge and excavate these ponds, the [board] should not now be able to use its own mistaken belief that a temporary soil extraction permit was available and required to reverse its decision and revoke action once duly taken."

Since we have concluded, in part I of this opinion, that the board lacked the authority to impose the con-

Court, judicial district of Waterbury, Docket No. CV-88-00884677-S. Regardless of the eventual outcome of that dispute, "[a] zoning board of appeals may, without express authorization, attach reasonable conditions to the grant of a variance." *Burlington* v. *Jencik,* 168 Conn. 506, 509, 362 A.2d 1338 (1975); *Wright* v. *Zoning Board of Appeals,* 174 Conn. 488, 492, 391 A.2d 146 (1978). In this case, rather than requiring the impossible, the board could have conditioned the variance upon compliance with the zoning regulations applicable to the actual removal of the soil from the plaintiff's property. See footnote 7, supra.

tested condition, it "may be revoked, set aside and declared to be void and of no force." *Beckish* v. *Planning & Zoning Commission,* 162 Conn. 11, 18, 291 A.2d 208 (1971). "The imposition of a void condition, however, does not necessarily render the whole decision illegal and inefficacious. If the decision is otherwise supported by sufficient grounds as found by the board, a modification of the decision may be decreed with a view toward ending further litigation." *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* 155 Conn. 350, 354–55, 232 A.2d 916 (1967). On the other hand, "[w]here a condition, which was the chief factor in the granting of an exception, is invalid, the exception must fall . . . ." 101A C.J.S., Zoning and Land Planning § 238. This court has reasoned that a condition imposed by a zoning authority is severable, from a variance that is otherwise valid, if the removal of the condition "would in no way destroy the value or effectiveness" of the variance. *Langer* v. *Planning & Zoning Commission,* 163 Conn. 453, 459, 313 A.2d 44 (1972). On this basis, we have held that the dispositive consideration is whether the condition was an "integral" part of the zoning authority's decision to grant the variance and, if so, the variance, even if valid in all other respects, cannot be upheld. Id.; *Beckish* v. *Planning & Zoning Commission,* supra, 18–19; *Farina* v. *Zoning Board of Appeals,* 157 Conn. 420, 424, 254 A.2d 492 (1969); *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* supra, 355.

We conclude that in this case, the trial court erred in concluding that the board's condition, that the plaintiff obtain a soil extraction permit, was not an "integral" part of its decision to grant the plaintiff's application for a variance. We have noted that the regulations applicable to the procurement of a soil extrac-

tion permit are comprehensive and address not only criteria for evaluation of the site and the method of extraction, but also the public safety and welfare as it will be affected once the soil is actually loaded onto trucks and taken from the site onto public highways. The board, during the several hearings conducted on the plaintiff's application, was told by the plaintiff that his intended project would involve the removal of over 300,000 cubic yards of soil from his property and that this would require between three and five truck loads per hour leaving the plaintiff's property, for a period of between two and three years. Under these circumstances, we conclude that the board's decision to grant the plaintiff's application was reached only after it had assured itself that this massive amount of soil would be removed from the plaintiff's property in accordance with the procedures required by the town's applicable soil extraction regulations and, therefore, that the condition was an "integral" part of its decision to grant the variance. We cannot assume that the board would have granted the variance if it had been aware that the condition it imposed, the receipt of a temporary extraction permit from the planning commission, could not be fulfilled.

The judgment is reversed and the case is remanded with direction to deny the appeal.

In this opinion the other justices concurred.