[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant Darien Planning and Zoning Commission approving an application by the defendants John W. Starbuck and Margaret E. Starbuck for a resubdivision of their property located on Indian Trail in Darien, Connecticut. After the aggrievement hearing and oral argument, the defendants Starbuck sold the property in question to Steven and Lisa Eppley who have since been joined as party defendants.
The plaintiffs, John Rohs and Donna Rohs, assert that their appeal should be sustained because:
1. the waivers granted were not proper under the regulations and on the record; 2. the conditions imposed on the application are not within the control of the defendants Starbucks and, as a result, the approval is a conditional approval and is, therefore, invalid; 3. the record does not reflect a waiver request for road standards as required by the subdivision regulations; 4. the record is devoid of any information developed supporting the road waiver and the adequacy of access findings of the Commission; and, 5. the Commission appointed a subcommittee which gathered and received ex parte information, post-hearing, and a Commission member had ex parte contacts with the applicants, either one of which shifts the burden of the defendant Commission to overcome a presumption of prejudice.
The defendants deny each of the plaintiffs' contentions.
The court concludes that the plaintiffs' appeal should be dismissed.
The testimony of the plaintiff, Donna Rohs, established that the plaintiffs are aggrieved parties and, therefore, have standing to appeal the defendant Planning and CT Page 3927 Zoning Commission's decision.
The court's review of the decision of the Planning and Zoning Commission is limited to a determination of whether the authority acted illegally, arbitrarily or unreasonably. Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152. As long as honest judgment has been reasonably and fairly exercised, the decisions of local boards will not be disturbed. Whitaker v. Zoning Board of Appeals, 179 Conn. 650, 654. Upon appeal, the trial court reviews the record before the Board to determine whether the Board has acted fairly or with proper motives or upon valid reasons; the court will not substitute its judgment for that of the Board. Id.
The plaintiffs Rohs first postulate that the waivers granted the Starbucks were not proper under the Regulations and on the record. However, Article IV, Section D of the Regulations sets forth the guidelines for existing streets in subdivisions, i.e.,
 Where the Planning and Zoning Commission judges, however, that the circumstances of the existing street, and the traffic needs of the street are such that the Town Standards cannot reasonably be fulfilled, the Commission shall require that layout and development of the existing street be provided consistent with specific standards which it shall determine in each case are adequate in that case for: safety of traffic using the roadway; adequacy of access by emergency vehicles; essential maneuvering by service and maintenance vehicles; and pedestrian safety; and in consideration of the pedestrian safety; and in consideration of the number of dwellings or lots to be served. Such individual street standards, where adopted by the Commission, shall be binding on the applicant in lieu of the Town Standards and shall be fully inscribed on the subdivision plan.
As return of record, exhibit S, indicates, the Commission found that the Town standards regarding streets cannot reasonably be fulfilled in this instance and, therefore, set specific standards for improvement of the existing street. The Commission's decision in this regard will be sustained if even one of the stated reasons is sufficient to support it. Frito-Lay v. Planning and Zoning Commission, 206 Conn. at 576. CT Page 3928 The record reveals that the Commission had before it several pertinent documents concerning Indian Trail and discussed the adequacy of Indian Trail at the public hearing. They concluded that the Town street standards could not be fulfilled. Having reached that conclusion, the Commission then set specific standards for the improvement of Indian Trail. The plaintiffs' extensive argument in their post trial brief dated January 22d 1991, concerning the explicit requirements of the subdivision regulations as they relate to adequate access is misplaced. The plaintiffs reference requirements for proposed streets, as opposed to an existing street such as Indian Trail. This court finds sufficient evidence in the record to support the Commission's decision in this regard.
Similarly, the court was presented with no persuasive authority for the plaintiffs' claim that the defendant Planning Zoning Commission's decision should be reversed because there was no waiver request made for road standards as required by the subdivision regulations. The waiver request provision is found in Article VII, Miscellaneous, while existing streets are specifically covered by the aforementioned Article IV, Section D. Nothing in Section D requires the defendants Starbuck to apply for a waiver.
The plaintiffs next contend that the conditions imposed by the defendant Commission are not within the control of defendants Starbuck, thereby making the approval a conditional approval and, therefore, invalid. The plaintiffs rely heavily upon Carpenter v. Planning and Zoning Commission,176 Conn. 581, 592, in support of this theory. The court finds this reliance to be misplaced. In that case, unlike that of the instant case, the "conditional" subdivision approval was based upon the act of another municipal agency. The court agrees with the plaintiffs "that under the case law, in order for John and Donna Rohs to prevail in this appeal, they would have to create some new law." However, this court is not persuaded that the needed new law is created by the recent Vaszauskas case,215 Conn. 58 as plaintiffs claim. That case speaks to the decision of a Zoning Board of Appeals concerning a variance while the Rohs' appeal is based upon a subdivision approved by the Planning and Zoning Commission. The distinction is critical and prevents the court from adopting the plaintiffs' legal position.
In this litigation, the "condition" was not contingent upon the action of another municipal agency but rather on the part of the defendants Starbuck. However, even if a condition incorporated into a subdivision approval cannot be fulfilled by the applicant, it is the condition that fails, not the approval. Moscowitz v. Planning and Zoning Commission, 16 Conn. App. 303,307-309. CT Page 3929
The plaintiffs finally contend that a subcommittee appointed by the Commission gathered, post hearing, ex parte information and a Commission member had ex parte contacts with the applicants which they believe prejudiced the Commission against the defendant. They further contend that the burden is upon the defendants to show that such information gathering and ex parte contacts were not prejudicial to the plaintiffs.
The plaintiffs point to a statement made by Commission member Davis who visited the Starbucks' property and commented that their license plate was "kind of neat" and that she was "almost prejudiced in favor of this application" because of their license plate. While the court does not approve of this ill-chosen and ill-timed remark, there is no indication that there ever was any communication between Mrs. Davis and the Starbucks or that there was any prejudice in Mrs. Davis' vote.
The plaintiffs also claim prejudicial ex parte communications in the flagging of certain trees on the property that had been designated for removal on plans submitted to the Commission. However, the Commission specifically requested that the flagging be done. This request is found in the record, exhibit X at pp. 7-9. Certainly, the flagging of those trees post-hearing cannot be said to be the submission of new evidence. Furthermore, there is no indication of any communication, post-hearing, between the applicants and the Commission as a result of the flagging.
This court agrees with defendants Starbuck's contention that even if the flagging of the trees could be considered a post-hearing communication, it did not involve the receipt of any new information by the Commission. The Commission's action would, therefore, be upheld. See Carlson v. Fisher, 18 Conn. App. 488.
The plaintiffs forcefully argue that any improper ex parte communications give rise to a rebuttal resumption of prejudice, i.e., the burden then "shifts to the agency to prove that no prejudice has resulted from the prohibited ex parte communication." Baker v. Planning Zoning Commission,212 Conn. 471. This court, not having found any post-hearing communication nor post-hearing submission of new evidence, does not shift to the Commission the burden of demonstrating that its decision was free from prejudice.
For all the above reasons, the plaintiffs' appeal is dismissed.
LAWRENCE L. HAUSER, JUDGE CT Page 3930