[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Irving H. Beck and Leila J. Beck appeal the decision of defendant Zoning Board of Appeals of the Town of New Canaan ("Board") denying their application for a modification of a previously granted use variance dated October 19, 1964 which allowed offices in a B Residence Zone.
The subject property is located at 46 Main Street, New Canaan, Connecticut and is shown on Assessor's Map T Block 42 Lot 86. (Return of Record ["ROR"] #4 Minutes of the Zoning Board of Appeals dated July 9, 1990). The parcel is located in the B Residence Zone. (ROR #1 copy of Minutes of Zoning Board of Appeals meeting dated October 19, 1964).1
On October 19, 1964, Mr. Beck was granted a use variance to allow two offices on the ground floor of the subject property. (ROR #1). The variance was subject to several conditions regarding whom the offices could be rented to, the number of employees that these offices may employ and provided that "these conditions are to apply to this building and the appeal is granted for this building only as long as the property and house are retained in the ownership of Irving H. Beck." (ROR #1). Since 1964 there have been a number of variances modifying the 1964 variance regarding the nature of the business on the ground floor. (ROR #7 at 15-18).
In 1990, plaintiffs applied for a modification of the October 19, 1964 variance to remove or amend the condition which limited the variance for so long as "the property and house are retained in the ownership of Irving H. Beck." (ROR #1).
On July 9, 1990, the Board held a public hearing on plaintiffs' application. (ROR #4). At the public hearing testimony was presented in support of and in opposition to the application. (ROR #7 at 1-19). CT Page 9374
At the business meeting of the Board on July 9, 1990, the application was denied by a four (4) to one (1) vote "on the basis that the applicant had not demonstrated a valid hardship. " (ROR #4). Notice of the Board's decision was published in the New Canaan Advertiser on July 19, 1990. (ROR #4). It is from this decision that the instant appeal arises.
JURISDICTION
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Smith v. Planning Zoning Board, 206 Conn. 374, 377, 538 A.2d 202
(1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. This appeal from the Zoning Board of Appeals decision is taken pursuant to General Statutes 8-8.
Aggrievement
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128
(1987). At the hearing held in this appeal on June 19, 1991, the court heard testimony from Irving H. Beck regarding aggrievement, and three deeds in support of that testimony were submitted. (Plaintiffs' Exhs. 1, 2, 3 June 19, 1991). The court at the June 19, 1991 hearing ruled from the bench and found aggrievement. Timeliness
"[A]ny person aggrieved by any decision of a board may take an appeal to the superior court. . . . The appeal shall be commenced. . . . within fifteen days from the date that notice of the decision was published. . . ." General Statutes 8-8(b). Notice of the Board's decision was published on July 19, 1990. The Town Clerk, the Chairman of the Zoning Board of Appeals and the Secretary of the Zoning Board of Appeals were all served on July 30, 1990, within the fifteen day appeal period. Accordingly, it is found that plaintiffs appeal is timely.
SCOPE OF REVIEW
"Courts are not to substitute their judgment for that of the board. . . ." Whittaker v. Zoning Board of Appeals, 179 Conn. 650,654, 427 A.2d 1346 (1980). "[T]he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Adolphson v. Zoning Board' of Appeals, 205 Conn. 703, 707, 535 A.2d 798 (1988). "Courts must not disturb the decision of a zoning [board] unless the party aggrieved by that decision establishes that the [board] acted arbitrarily or illegally." Stankiewicz v. Zoning Board of Appeals, CT Page 937515 Conn. App. 729, 737, 546 A.2d 919 (1988), aff'd, 211 Conn. 76
(1989). "`The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. . . ."' (citations omitted). Adolphson, supra, 707.
Plaintiffs characterize the instant action as an appeal of the Board's refusal to modify or remove an allegedly illegal condition that was placed on the 1964 variance. (Plaintiff's Reply Brief at 2, 3). Plaintiffs argue that a variance runs with the land and that "any condition limiting a variance to the period of time the property is owned by a particular individual is illegal." Id. Plaintiffs also argue that they "are challenging the Board's authority to impose a condition which violates a fundamental principal of zoning law." (Id., 3. Plaintiff's cite Moscowitz v. Planning Zoning Commission, 16 Conn. App. 303, 547 A.2d 569
(1988) and argue that their challenge to the illegal condition attached to the 1964 variance can be brought at this time because when the Board imposed illegal condition it was acting beyond the scope of its authority and the condition was void from its inception.
 A zoning board of appeals may, without express authorization, attach reasonable conditions to the grant of a variance. (citation omitted). . . .'[A] variance is authority extended to the owner to use his property in a manner forbidden by the zoning enactment. . . . The right to attach reasonable conditions to the grant of a variance is not dependent upon express authorization from the lawmaking body. (citations omitted).
Burlington v. Jencik, 168 Conn. 506, 509, 362 A.2d 1338 (1975).
 [A] variance is granted with respect to a particular piece of property; it can be enjoyed not only by the present owner but by all subsequent owners. 2 Anderson, American Law of Zoning Section 14.29, p. 662. It follows then that a variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership.
Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239,303 A.2d 743 (1972). "Since variances are supposed to be granted regardless of who owns the land, the zoning board cannot condition a variance on the applicants continuing to own the property." T. Tondro, Connecticut Land Use Regulation p. 28 (Supp. 1983). It is found that the Connecticut Supreme Court has not recognized variances conditioned on individual ownership. It is found that because variances run with the land, the 1964 condition granting the CT Page 9376 variance "as long as the property and house are retained in the ownership of Irving H. Beck," is clearly unreasonable. When a condition imposed by a board is unreasonable, "it `may be revoked, set aside and declared to be void and of no force."' Vaszauskas v. Zoning Board of Appeals, 215 Conn. 58, 66, 574 A.2d 212 (1990).
The Connecticut Supreme Court has frequently stated that:
 when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. The only relevant exception to this rule is where the administrative action is void.
Moscositz, 16 Conn. App. at 313. It is found that the instant case falls within this exception. It is further found that since the defendant Board lacks the authority to impose an unreasonable condition, the Board was without jurisdiction to impose a condition in 1964. "Where the challenge raised is to the power of the agency to act, the failure to appeal immediately does not deprive the Challenger of his right to bring the claim at a later date." Id. It is the opinion of the court that plaintiffs' challenge that the Board imposed an illegal condition is a challenge to the Board's power to act and may be brought at this time.
Plaintiffs further argue that "[t]he illegal condition of the 1964 variance can be severed from the variance without impairing the validity of the remaining portions of the variance." (Plaintiffs' Reply Brief at 4).
 "The imposition of a void condition, however, does not necessarily render the whole decision illegal and inefficacious. If the decision is otherwise supported by sufficient grounds as found by the board, a modification of the decision may be decreed with a view toward ending further litigation." Parish of St. Andrew's Church v. Zoning Board of Appeals, 155 Conn. 350, 354-55, 232 A.2d 916 (1967). On the other hand, "[w]here a condition, which was the chief factor in the granting of an exception, is invalid, the exception must fall. . . ." 101A C.J.S., Zoning and Land Planning Section 238. This court has reasoned that a condition imposed by a zoning authority is severable, from a variance that is otherwise valid, if the removal of the condition "would in no way destroy the value or effectiveness" of the variance. Langer v. Planning Zoning Commission, 163 Conn. 453, 459, 313 A.2d 44 (1972). On this basis, we have held that the dispositive consideration is whether the condition was an "integral" part of the zoning authority's decision to CT Page 9377 grant the variance and, if so, the variance, even if valid in all other respects, cannot be upheld. Langer v. Planning Zoning Commission, supra, 459; Beckish v. Planning Zoning Commission, supra, 18-19; Farina v. Zoning Board of Appeals, 157 Conn. 420, 424, 254 A.2d 492
(1969); Parish of St. Andrew's Church v. Zoning Board of Appeals, supra, 355.
Vaszauskas, 215 Conn. at 66.
In the minutes of the Zoning Board of Appeals meeting dated October 19, 1964, the Board stated that:
 it has granted this variance to Mr. Beck in recognition of the fact that he wishes to maintain this building which is now a party of the Historic Zone and that he must have a little broader scope in renting these two offices then he now has. If he can rent to the catagories outlined in this variance which we have granted, he will be able to maintain this house in the manner to which the Historical Society and Historic Zone has asked him. Because of this hardship the Board grants this appeal.
(ROR #1) (emphasis added). It is found that under these circumstances the board's decision to grant the plaintiff's 1964 application for a variance was reached due to the peculiar personal circumstances of the applicant so that he could maintain the property. Therefore, the condition that the variance was granted "as long as the property and house are retained in the ownership of Irving H. Beck," was an integral part of the board's decision, the variance cannot be upheld.
It is the opinion of the court that because the above analysis is dispositive of the instant case no discussion is provided regarding plaintiffs' other argument which is essentially that the 1990 Board gave no valid reason for its denial of plaintiffs' application.
Accordingly, the plaintiff's appeal is dismissed.
RYAN, J.