[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 7890
The following facts are undisputed by the parties. In 1987, the plaintiffs were granted a variance to allow for a fifteen foot addition to a previously existing non-conforming garage, which had a setback of two feet instead of the required forty feet. The variance was granted subject to a number of conditions, two of which are pertinent in this case. One condition required that all commercial vehicles shall be parked within the garage at all times, while the other required that the garage would only be used for routine repair and maintenance of vehicles stationed on the lot. In November of 1992, the plaintiff applied to the defendant to have these conditions eliminated, and the defendant, finding no hardship to the plaintiffs, subsequently denied their application. The parties also agree that plaintiffs' property is located in an area zoned CB-2 in which a repair garage is a use permitted as of right. Therefore, the parties agree that plaintiffs' proposed use would be permitted in the absence of the exceptions.
The plaintiffs argue that the conditions are arbitrary and an abuse of discretion, and that because they limit an approved use, they are outside the authority of the defendant. Furthermore, they argue that not allowing a permitted use is akin to a confiscation, and that the only impediment to granting plaintiffs' current application is the defendant's earlier limitation on an approved use.
It is, however, well established in Connecticut law that zoning boards of appeals are empowered to grant variances subject to conditions. Vaszauskas v. Zoning Board of Appeal,215 Conn. 58, 63-65 (1990). But "any conditions imposed by the zoning authority must be reasonable." Id., 64.
There is no evidence of any unreasonable conditions imposed by the board. Indeed, the plaintiffs have apparently complied with the conditions imposed in the granting of the variance for six years Under Vaszauskas, supra, the conditions in this case cannot be said to be patently unreasonable. In fact, this case is strikingly similar to Burlington v. Jencik, 168 Conn. 506 (1975), in which the court held that the conditions were reasonable and enforceable.
The court noted that a "zoning board of appeals may, CT Page 7891 without express authorization, attach reasonable conditions to the grant of a variance." Id., 509. The court then rejected the defendants arguments that "because the limitation prohibits a use which would otherwise be lawful in the zone in which the property is situated it is unreasonable as a matter of law." Id., 510
 In advancing this claim, the defendants fail to distinguish between the permitted use of their lot for business which is, of course, a permitted use for which no variance was necessary, and the construction thereon of a specific garage in a specific location which, in the absence of a variance of the setback requirements contained in the zoning ordinance, was forbidden.
Id. Similarly, a repair garage would be a permitted use of plaintiffs' lot and no variance would be necessary for that use, but the garage that presently exists could not have been built, for any use, without the variance. Thus, as in Burlington, the use to which the plaintiffs wish to put the current garage would not be permissible without the previously granted variance.
Burlington indicates that the conditions imposed in granting the variance are as much a part of the variance as the variance itself. Although it is possible to sever a condition from the variance and yet leave the variance still intact; see Vaszauskas, supra, 65-66; this can only occur where "the removal of the condition `would in no way destroy the value or effectiveness' of the variance." Id., 66, quoting Langer v. Planning Zoning Commission, 163 Conn. 453, 459 (1972). The burden is on the plaintiff to prove that the defendant acted illegally, arbitrarily, or in abuse of discretion. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988). There has been no showing by the plaintiffs that removing the condition would not destroy the effectiveness of the variance, and thus that the defendant acted illegally or arbitrarily in not removing the conditions. Plaintiffs have only argued that the conditions are illegal and that the defendant cannot prevent the plaintiffs from using their property for a permitted purpose.
Plaintiffs argument that the defendant's denial of their application amounts to a confiscation is rejected. The conditions of the variance do not prevent the defendants from putting their property to any use whatsoever. In fact, the CT Page 7892 plaintiffs operated a landscaping business from the premises at the time the variance was granted.
The conditions imposed, unless unreasonable, are part and parcel of the variance. Therefore, the same threshold must be crossed by the plaintiffs in this case as if they were requesting a completely new variance, instead of requesting a modification; of the previous variance. Plaintiffs apparently recognize this themselves as their application is entitled "A Certificate of Approval for an Extension of the Variance" previously granted., "Proof of hardship is a condition precedent to granting a variance." Kelly v. Zoning Board of Appeals, 21 Conn. App. 594,598 (1990). The plaintiffs have failed to demonstrate the requisite hardship. Because the defendant did not, for the reasons explained above, act arbitrarily, illegally or in abuse of discretion in denying the plaintiffs' application in light of their failure to demonstrate any hardship, the plaintiffs' appeal is denied.
Philip E. Mancini, Jr. State Trial Referee