[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the second zoning appeal between the parties concerning this subject matter. In order to construct a service station and a convenience store on his property, which is located at 895 Bridgeport Avenue, Shelton, the plaintiff applied to the Shelton Board of Zoning Appeals (Board) for a variance from the use, lot size, and frontage zoning regulations that govern his property. In the first appeal, this court determined that the Board acted arbitrarily, capriciously, and discriminatorily, when CT Page 5678 it denied the plaintiff's application for a use variance. The record, however, failed to establish whether the Board considered the lot size and frontage regulations as it related to the variant use. The court, therefore, remanded the matter back to the Board for it to determine whether the plaintiff's property could safely support the proposed use, and thus, whether the Board could grant a variance as to the lot size and frontage regulations. On remand, the Board "voted that the . . . application be denied inasmuch as Bridgeport Avenue is a heavily traveled major thoroughfare, and in consideration of the amount of traffic, speed of the traffic, and with due consideration of traffic and public safety; and with the reports of the City Engineer and Fire Marshal indicating the parcel's lack of sufficient area to safely support a service station and convenience store, it is the Board's opinion that the lot is not large enough in usable area to support this use." In the present case, the plaintiff appeals this decision.
The court rejects the plaintiff's argument that the Shelton Zoning Regulations are conclusive evidence that his property is large enough to safely support his proposed use. While the Board concedes that the Shelton Zoning Regulations permit the proposed use in other zones on property that is less than half the size of the plaintiff's lot, the particular characteristics of the plaintiff's property, and whether it may safely support the proposed use, is the question that must be answered.
On the other hand, from the record it is clear that the Board did not properly consider the question on remand. The record demonstrates that the Board struggled with the question on remand, noting that the findings required by the remanded question are normally made by the Shelton Planning and Zoning Commission, after it considers technical data that has been reviewed and commented upon by professional consultants. See, e.g., Shelton Zoning Regulations, §§ 31 46. Members of the Board commented on the record that the application could be granted subject to the plaintiff demonstrating to the Planning and Zoning Commission that the property could safely support the proposed use. Conditioning the approval of a variance upon the plaintiff first obtaining the approval of another town agency is a reasonable condition that would safeguard the legitimate concerns of the Board. Burlingtonv. Jencik, 168 Conn. 506, 509-10, 362 A.2d 1338 (1975); see alsoVaszauskas v. Zoning Board of Appeals, 215 Conn. 58, 63-64,574 A.2d 212 (1990) (conditions must be reasonable). The court, therefore, remands the matter back to the Board, and directs the Board to grant the plaintiff's application upon the plaintiff CT Page 5679 meeting any reasonable conditions the Board deems necessary to safeguard its concerns. If the plaintiff cannot meet the reasonable conditions of the Board, then the Board can deny his application.
BY THE COURT,
PHILIP E. MANCINI, JR. JUDGE REFEREE