[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kathleen A. Christiano, appeals from the decision of the defendant, the Prospect planning and zoning commission, approving the grant of an extension of her home occupation permit, subject to conditions. Christiano brings this appeal pursuant to General Statutes § 8-8.
 BACKGROUND
On April 3, 2000, the plaintiff, Kathleen A. Christiano, submitted an application to the Prospect planning and zoning commission for a special permit/home occupation for a personal training business. (Return of Record [ROR], Exhibit A.) After conducting hearings on the application, the commission voted to approve the application, with conditions, on May 17, 2000, to become effective September 1, 2000. (ROR, Exhibit B, Item 4.) The application was to be valid for six months with a reevaluation after the first six months of operation. (ROR, Exhibit B, Item 4.) In a letter dated March 31, 2001, Christiano requested a renewal of her home occupation permit, as well as an amendment to change the hours of operation. (ROR, Exhibit C, Item 5.) The commission reviewed Christiano's request for a renewal and modification of the home occupation permit at hearings held on April 18, 2001, May 2, 2001 and May 16, 2001. (ROR, Exhibit B, Items 6-8.) On May 16, 2001, the commission extended Christiano's home occupation permit to March 1, 2002, with conditions. (ROR, Exhibit B, Item 8.)
Christiano now appeals from two conditions imposed by the commission, namely, (a) scheduling of clients is to be held to no more than two (2) clients per hour session or two (2) clients per ninety (90) minute sessions. A maximum of four (4) sessions per day is permitted; and (b) no weekend sessions are allowed under this permit. (ROR, Exhibit F, Item 2.) Christiano challenges the commission's authority to impose these conditions.
 JURISDICTION
General Statutes § 8-8 governs an appeal from the decision of a planning and zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the CT Page 9320 statutory provisions by which it is created." (Internal quotation marks omitted.) Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276,283, 487 A.2d 559 (1985).
Aggrievement
"[P]leading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal." (Internal quotation marks omitted.) Harris v. Zoning Commission,259 Conn. 402, 409, 788 A.2d 1239 (2002). "It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." (Internal quotation marks omitted.) Id. "Aggrievement presents a question of fact for the trial court and the party alleging aggrievement bears the burden of proving it." Id., 410.
Christiano alleges that she is the owner of real property located at 27 Platt Drive, Prospect, Connecticut. (6/20/01 Appeal, ¶ 1.) Christiano further alleges that she is aggrieved by the conditions imposed on her home occupation permit because she is the owner of the property and the applicant of the home occupation permit. (6/20/01 Appeal, ¶ 10 [sic].)[1] Christiano provided a legal description of her property, 27 Platt Drive, Prospect, Connecticut, in which James Alan Christiano and Kathleen A. Christiano are listed as the record owners. (6/20/01 Appeal, Schedule A; Plaintiff's Memorandum, Appendix A.) Further, both of Christiano's applications were approved for a home occupation permit for 27 Platt Drive, Prospect, Connecticut.
The plaintiff's status as an owner of the property enables the court to find that the plaintiff is aggrieved. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953 (1991). There is sufficient evidence for the court to conclude that Christiano is the owner of the property at issue and, therefore, the court finds that Christiano is aggrieved.
Timeliness and Service of Process
General Statutes § 8-8 (b) provides in relevant part that "[t] he appeal shall be commenced by service of process in accordance with subsections (e) and (f) [now subsections (f) and (g)] of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Section 8-8 (e) [now subsection (f)] further provides in part that "service of legal process . . . shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." CT Page 9321
Christiano alleges that the commission failed to publish notice of its decision of the approval, with conditions; (6/21/01 Appeal, ¶ 8 [sic].); and the commission admits that it did not publish its decision. (8/17/01 Answer, ¶ 8 [sic].) The commission argues that "publication of a decision is not required for approval of a home occupation permit." (Defendant's Memorandum, p. 2.) The commission did, however, publish its previous decision to approve Christiano's home occupation permit, with conditions, on May 17, 2000. (ROR, Exhibit G.) Since the commission did not publish its latest decision, Christiano allegedly published the decision in the Waterbury Republican American newspaper on June 12, 2001. (6/21/01 Appeal, ¶ 9 [sic].) Christiano attached a copy of the publication to her memorandum, which indicates that the decision ran in the newspaper on June 12, 2001. (Plaintiff's Memorandum, Appendix C.)
The record contains a copy of the actual published decision, but it does not contain an affidavit attesting to the actual date it was published. (Plaintiff's Memorandum, Appendix C.) The court finds that June 12, 2001, is the operative date for purposes of publication. On June 22, 2001, Christiano's appeal was commenced by service of process on the chairman of the planning and zoning commission, Robert Hiscox, on the Prospect town clerk, Mary Ann Anderson, and on the planning and zoning commission clerk, Diane Lauber. Accordingly, this court finds that this appeal was commenced in a timely manner by service of process upon the proper parties.
 SCOPE OF REVIEW
"The Superior Court's scope of review is limited to determining only whether the board's actions were unreasonable, arbitrary or illegal." R R Pool, Inc. Patio v. Zoning Board of Appeals, 257 Conn. 456, 470,778 A.2d 62 (2001). "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." (Internal quotation marks omitted.) Doyen v. Zoning Board ofAppeals, 67 Conn. App. 597, 603, 789 A.2d 478, cert. denied, 260 Conn. 901, ___ A.2d ___ (2002). "In an appeal from the decision of a zoning board, [the court reviews] the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Boardof Appeals, 228 Conn. 785, 791, 639 A.2d 519 (1994).
"Where a zoning board of appeals does not formally state the reasons for its decision . . . the trial court must search the record for a basis for the board's decision." Bloom v. Zoning Board of Appeals, 233 Conn. 198,208, 658 A.2d 559 (1995). "[T]he commission's conclusions will be invalidated only if they are not supported by substantial evidence in the CT Page 9322 record. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The [commission's] decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given. . . . The evidence . . to support any such reason [however] must be substantial." (Citation omitted; internal quotation marks omitted.) Heithaus v. Planning Zoning Commission, 258 Conn. 205,221, 779 A.2d 750 (2001)
 DISCUSSION
The commission approved Christiano's home occupation permit on May 16, 2001, with conditions. Christiano appeals on the ground that the commission acted illegally, arbitrarily, and in abuse of its discretion, by imposing two of the conditions when it approved Christiano's permit. Specifically, Christiano is appealing with regard to condition number six and a portion of condition number seven. (Plaintiff's Memorandum, p. 6.) Condition number six limits the scheduling of clients to no more than two clients per hour session or two clients per ninety minute sessions and permits a maximum of four sessions per day. (ROR, Exhibit F, Item 2; Plaintiff's Memorandum, Appendix B.) Condition number seven provides that the permitted hours of operation are Monday through Friday (6:30 a.m. to 7:00 p.m.), however, Christiano is only appealing from the portion of the condition that states that "[n] o weekend sessions are allowed under this permit." (ROR, Exhibit F, Item 2; Plaintiff's Memorandum, Appendix B.) Christiano accepts the remaining conditions attached to her home occupation permit.[2] (6/21/01 Appeal, ¶ 7 [sic].)
Christiano argues that "[b]ecause the Home Occupation complies in all aspects to the Zoning Regulations, the Application should be approved as a matter of right without conditions." (Plaintiff's Memorandum, p. 8.) "The Home Occupation provisions . . . contain no . . . limitations on the type of use permitted as a Home Occupation. The Regulations do not authorize the restriction of the number of business patrons, nor do the regulations authorize any restriction of weekend business activities." (Plaintiff's Memorandum, p. 10.) Christiano contends that, although the two conditions appear to deal with a perceived traffic problem, the commission is barred from considering traffic because there is a presumption that traffic would not adversely affect the residential zone in which the permitted use is allowed. (Plaintiff's Memorandum, pp. 11-12, 15.)
The commission argues that when commission approval of a permit is required, such as a home occupation permit, the commissioners must exercise their judgment in order to determine whether some of the conditions are satisfied. (Defendant's Memorandum, p. 10.) The commission CT Page 9323 contends, therefore, that "the limitations imposed by the Commission do not require the Plaintiff to meet conditions that are not contained in the regulations themselves." (Defendant's Memorandum, p. 11.) The commission further contends that it is authorized to limit the number of clients/sessions and to prohibit weekend sessions in order to ensure that traffic is not objectionable and to maintain the residential character of the premises. (Defendant's Memorandum, pp. 12-15.) Lastly, the commission asserts that the conditions were integral to the approval of the permit. (Defendant's Memorandum, p. 16.) The commission requests, therefore, that the court invalidate the entire permit if it finds that the conditions are invalid. (Defendant's Memorandum, p. 16.)
The court must determine whether the commission had the authority to impose the two conditions at issue in this appeal. "[A]ny conditions imposed by the zoning authority must be reasonable." Vaszauskas v. ZoningBoard of Appeals, 215 Conn. 58, 64, 574 A.2d 212 (1990). "The commission cannot require the applicant to meet conditions not contained in the regulations themselves." Grace Community Church v. Planning ZoningCommission, 42 Conn. Sup. 256, 262, 615 A.2d 1092 (1992). "The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic . . . property values, or the general harmony of the district." (Internal quotation marks omitted.) Kenyon Oil Co. v. Planning ZoningCommission, Superior Court, judicial district of New Haven, Docket No. CV 96 0385324 (November 25, 1996, Munro, J.). "[T]he Commission may only attach a condition to an approval where . . . the language of a given zoning regulation . . . limit[s] the scope of the use." (Internal quotation marks omitted.) Id.
The Prospect zoning regulations provide a number of conditions with respect to home occupations. (ROR, Exhibit H.) Specifically, § 300 of the Prospect zoning regulations provides in relevant part that a customary home occupation is "subject to the following conditions . . . (b.) The office or enterprise shall not impair the residential characterof the premises . . . (f.) The home occupation use may occupy an accessory building if . . . [t]he location and appearance of the accessory building is consistent with the residential character of the lot and the neighborhood, and . . . [i]t can be demonstrated that thetype and intensity of the proposed use . . . will not alter the primary residential character of the lot . . . (g.) No objectionable traffic, noises, odors, vibrations or unsightly conditions shall be created in consequence of the home occupation. Normal business hours are expected to be between the hours of 8:00 a.m. and 5:00 p.m. unless otherwise approved by the commission." (Emphasis added.) (ROR, Exhibit H.) Further, § 210 of the zoning regulations defines a home occupation as "[a] CT Page 9324 profession or other occupation, not otherwise permitted in a zoning district, which is carried on as an accessory use on a residential lot . . . and which in an RA District conforms to the following additional regulations . . . (E) The residential character of the dwelling and its immediate area must not be changed in any visible manner." (ROR, Exhibit H.)
The key issue in this appeal is whether the commission had the authority to impose two conditions that are not expressly provided for in the regulations, namely, the restriction on the number of clients permitted per day and the portion of the condition that prohibits weekend sessions. The commission did not formally state the reasons for its May 16, 2001 decision to approve the plaintiff's home occupation permit, with conditions. Chairman Hiscox simply recommended retaining both the start up time at 6:30 a.m. and the restriction on the number of clients. (ROR, Exhibit B, Item 8.) There was no discussion at the May 16, 2001 meeting with regard to the portion of the condition that restricts Christiano's permit to weekdays only. The court must examine the entire record, therefore, to determine whether the commission acted illegally, arbitrarily, and in the abuse of its discretion, when it imposed two conditions that were not explicitly provided for in the Prospect zoning regulations. See Bloom v. Zoning Board of Appeals, supra, 233 Conn. 208.
The record reveals numerous instances where Christiano's application was discussed. There are minutes in the record with regard to the first application; (ROR, Exhibit B, Items 1-4); and there are minutes in the record with regard to the extension of the home occupation permit, which is the subject of this appeal. (ROR, Exhibit B, Items 5-8.) Also contained in the record are correspondence and public comment, in which some people support the home occupation and others oppose it, primarily based on traffic concerns. (ROR, Exhibits C, E.)
A review of the record indicates that the commission was primarily concerned with traffic conditions when it imposed the two disputed conditions. For example, with regard to the original application, Hiscox "expressed his concern with crossing the line between a business and a home occupation, taking into consideration the number of additional cars
in the neighborhood." (Emphasis added.) (ROR, Exhibit B, Item, 2.) Further, another commissioner, Gil Graveline, "asked whether the neighbors should be notified . . . because of the potential for traffic
and as a courtesy." (Emphasis added.) (ROR, Exhibit B, Item 1.) Subsequently, Graveline "mentioned a previous home occupation permit that was approved . . . that was limited to one or two clients at a time, stating the need to be consistent in conforming to `no objectionabletraffic.'" (Emphasis added.) (ROR, Exhibit B, Item 3.) James Lehner, another commissioner, stated that "he felt four (4) sessions per day was CT Page 9325 too restrictive. The other Commissioners did not agree." (ROR, Exhibit B, Item 4.) There was not much discussion of these two conditions with respect to Christiano's extension of her home occupation permit. These conditions, however, remained unchanged from the first approval, so the same reasons presumably would apply. (ROR, Exhibit F, Item 1; Item 2.)
Further, Bill Donovan, the land use inspector, provided a memorandum dated May 2, 2001, to Hiscox, in which he stated that "[b]ecause there is no mention in the regulations concerning neighbor reaction to a Home Occupation, the wording `[c]onsideration must be given to the concerns of the other residents . . . regarding excess traffic and safety resulting from this Home Occupation' should be removed. The Commission can refer to (g) of the Home Occupation regulation and offer comment in a generic statement regarding objectionable traffic. . . . Scheduling of clients which is limited to . . . a maximum daily client number of 8 clients per day sounds restrictive. The Commission should, however, weigh the average daily car trips by residents . . . and compare with the current allowed number (8) per day to see if a revised number (upwards or downwards) is feasible." (ROR, Exhibit C, Item 6.) This record evidence suggests that the commission was concerned with "objectionable traffic," as well as the intensity of the proposed use and the impairment of the residential character of the premises, when it imposed these two conditions.
As previously noted, there is a conclusive presumption that a permitted use does not adversely affect the district and precludes further inquiry into its effect on traffic. See Kenyon Oil Co. v. Planning ZoningCommission, supra, Superior Court, Docket No. CV 96 01385324. Unless the language of the zoning regulation limits the scope of the use, the commission is prohibited from attaching conditions that are not specifically listed in the regulations. Id.
The regulations involved in this case do, however, contain limitations that relate to the imposed conditions. Specifically, § 300 of the zoning regulations explicitly states that "[n]o objectionable traffic, noises, odors, vibrations or unsightly conditions shall be created in consequence of the home occupation." (Emphasis added.) (ROR, Exhibit H.) While there may be a conclusive presumption that a permitted use would not require an inquiry into its effect on traffic, the regulations clearly state that the home occupation must not create any "objectionable traffic." (ROR, Exhibit H.) It is submitted that the language of the zoning regulations is sufficiently broad enough to permit the commission to consider traffic concerns in imposing conditions attached to a home occupation permit. Both Hiscox and an alternate, Donald Pomeroy, stated that they had visited Platt Drive on six to eight occasions, after the original home occupation permit had been approved, and neither of them observed any unusual traffic. (ROR, Exhibit B, Item 8.) Based in part on CT Page 9326 these observances, the commission presumably kept the limitation to a maximum of eight clients per day, since this did not cause "objectionable traffic" and the intensity of the proposed use did not affect the character of the lot. Similarly, the language in the regulations requiring that a home occupation permit may not impair the residential character of the premises may also be construed as a limitation on the scope of the permitted use. It is submitted that since the conditions were imposed to prevent objectionable traffic, and to maintain the residential character of the premises, the commission did not act illegally, arbitrarily or in the abuse of its discretion when it imposed the two conditions at issue.[3]
 CONCLUSION
The court finds the commission did not act illegally, arbitrarily or in the abuse of its discretion when it imposed two conditions that were not specifically provided for in the Prospect zoning regulations. The conditions imposed by the commission, although not expressly stated in the zoning regulations, bear a reasonable relationship to the limitations that were expressly stated in the regulations. Accordingly, Christiano's appeal is dismissed.
__________________, J. WOLVEN