### CARMEN RIVERA *v.* GILBERT RIVERA
### (5817)

DUPONT, C. J., SPALLONE and O'CONNELL, Js.

Argued May 6—decision released August 16, 1988

*Earl I. Williams,* with whom, on the brief, was *Randy Lynn Cohen,* for the appellant (defendant).

*Jean L. Welty,* for the appellee (plaintiff).

O'CONNELL, J. This is the defendant's appeal from a judgment dissolving the parties' marriage. The defendant claims that the court erred in refusing to admit into evidence tapes of illegally intercepted telephone conversations. We find no error.

The following facts are necessary to the resolution of this appeal. In February, 1986, the defendant husband placed a recording device on the telephone line of the family home and recorded conversations between his wife and a third party. The defendant sought to introduce tapes of the recorded conversation as part of his case-in-chief on the issue of fault, and alternatively for impeachment purposes as evidence of prior

inconsistent statements. The court refused to admit these tape recorded conversations into evidence for any purpose.[1]

General Statutes § 52-184a provides that *"[n]o evidence obtained illegally by the use of any electronic device is admissible in any court of this state."* (Emphasis added.) General Statutes § 53a-187 (a) defines wiretapping as "the intentional . . . recording of a telephonic . . . communication by a person other than a sender or receiver thereof, without the consent of either the sender or receiver, by means of any instrument, device or equipment." General Statutes § 53a-189 makes wiretapping a class D felony known as eavesdropping.[2] It is abundantly clear that the tapes at issue were made illegally and that their introduction into evidence was expressly barred by the language of § 52-184a.

The defendant argues that General Statutes § 53a-187 (b), which exempts law enforcement officers from the eavesdropping proscription, makes illegally obtained tapes admissible in all cases except eavesdropping prosecutions.[3] A plain reading of § 53a-187 (b), however, does not support this contention. Section 53a-187 (b) simply declares that the eavesdropping statutes do not "affect the admissibility of evidence in any proceeding other than a prosecution for eavesdropping." It is readily apparent that in order to pursue an eavesdropping prosecution, the unlawful tapes must

---

[1] The trial court appears to have found that the third party was not a paramour of the plaintiff wife.

[2] General Statutes § 53a-189 provides: "(a) A person is guilty of eavesdropping when he unlawfully engages in wiretapping . . . of a conversation. (b) Eavesdropping is a class D felony."

[3] General Statutes § 53a-187 (b) provides in pertinent part: "This section and sections 53a-188 and 53a-189 shall not apply to wiretapping by criminal law enforcement officials in the lawful performance of their duties and *do not affect the admissibility of evidence in any proceedings other than a prosecution for eavesdropping . . . ."* (Emphasis added.)

be introduced in evidence. The clear purpose of the exemption set forth in General Statutes § 53a-187 (b) is the reverse of that contended by the defendant. Section 53a-187 (b) allows the introduction of illegal tapes into evidence in eavesdropping prosecutions while not interfering with the general prohibition of § 52-184a.

The defendant's reliance on cases from other jurisdictions in an effort to impose an interspousal exception on Connecticut's wiretap law is unavailing. We decide this case by construction of our own exclusionary statute, General Statutes § 52-184a, a counterpart of which was not in effect in the other jurisdictions when their decisions were rendered.

The trial court was correct in refusing to admit tapes of illegally intercepted telephone conversations into evidence.

There is no error.

In this opinion the other judges concurred.