[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION NO. 110.00
The third party deponent has moved for the scope of further discovery by deposition be limited to prohibit counsel for the plaintiff from asking any questions related to, concerning or derived from information obtained by the plaintiff from the interception and recording of telephone conversations between the third party deponent and the defendant which interception and recording was without the consent of the third party deponent and the defendant.
Involved in this question are two provisions of the statutes, 52-184a and 52-570d(a). Section 52-184a of the General Statutes provides as follows:
 No evidence obtained illegally by the use of any electronic device is admissible in any court of this state.
Section 52-570d(a) provides as follows:
 No person shall use any instrument, device or equipment to record an oral private telephonic communication unless the use of such instrument, device or equipment (1) is preceded by consent of all parties to the CT Page 10538 communication and such prior consent either is obtained in writing or is part of, and obtained at the start of, the recording, or (2) is preceded by verbal notification which is recorded at the beginning and is part of the communication by the recording party, or (3) is accompanied by an automatic tone warning device which automatically produces a distinct signal that is repeated at intervals of approximately fifteen seconds during the communication while such instrument, device or equipment is in use.
Subpart (b) of 52-570d then contains eight situations to which the provisions of subpart (a) shall not apply, no one of which is applicable in this situation.
The movant claims that the plaintiff violated the provisions of 52-570d of the General Statutes in taping conversations between the defendant and the third party. Such conduct on the plaintiff's part, if it occurred as alleged, was illegal. The movant claims that the tapes themselves are inadmissible pursuant to the provisions of 52-184a and that any evidence derived from information contained in the tapes is also inadmissible as "fruit from the poisoned tree." It is clear that the tapes are not admissible in evidence. Rivera v. Rivera, 15 Conn. App. 529 (1988).
The plaintiff has filed an affidavit (plaintiff's exhibit A) which has been marked as an exhibit and admitted into evidence for this proceeding only. That affidavit states in paragraph two that he returned home one day in May, 1991 at approximately 10:30 a.m. to find the deponent standing in the bedroom with the defendant. In paragraph three he states the defendant made 33 phone calls to phone numbers of the deponent between July 13, 1991 and August 3, 1991 and in paragraph four that the defendant made 68 phone calls to phone numbers of the deponent between August 4 and August 15, 1991. One of the questions the deponent has refused to answer is what were his phone numbers during these times, yet the plaintiff states as fact that the defendant made these phone calls to deponent's phone numbers.
It has been admitted for purposes of this proceeding that, if the plaintiff were asked if he had tapes of phone CT Page 10539 conferences between the defendant and the deponent, he would claim his right against self-incrimination under theFifth Amendment to the United States Constitution. Since this is a civil proceeding rather than a criminal proceeding, the court can properly conclude that there are such taped conversations.
The court has reviewed the deposition of the deponent taken on July 28, 1992. The deponent has testified that his relationship with the defendant was that of "kind of buddies." They met at the Fairfield Raquetball Spa in the Nautilus room. Both would exercise in the Nautilus room at 6:00 a.m. each morning. The deponent testified that he knew the defendant for seven or eight months before her marriage to the plaintiff, exercising in the gym together. He testified also that in 1990 there were maybe a hundred phone calls between them and in 1991 perhaps seven a week until May, 1991. He further admitted that he was at the parties' home in May, 1991 when the plaintiff came home unexpectedly. He also testified there had never been any sexual relationship between the defendant and himself.
The court finds that any further inquiry of the deponent is not likely to add to any further admissible evidence. To permit the plaintiff to inquire further is to infringe upon the deponent's rights of privacy and constitutes harrassment. As was said by Justice Brandeis in his dissenting opinion in Olmstead v. United States, 277 U.S. 438, 475-76,48 S.Ct. 564, 571, 72 L.Ed. 944 (1928):
 The evil incident to invasion of privacy of the telephone is far greater than that involved in tampering with the mails. Whenever a telephone line is tapped, the privacy of both persons at the end of the line is invaded and all conversations between them upon any subject, and although proper confidential and privileged may be overheard. . . . As a means of espionage, writs of assistance and general warrants are but puny instruments of tyranny and oppression when compared to wire-tapping.
The motion for protective order is granted. The court orders further as follows:
1. The deposition of the deponent shall be held under seal, CT Page 10540 open only to counsel of record.
2. The motion of the deponent for protective order, appearance of his counsel and plaintiff's exhibit A shall also be held under seal.
3. Neither party nor counsel shall discuss these proceedings with any other person other than in the proper presentation of the evidence in this proceeding.
4. Any transcript of the proceedings upon the motion for protective order shall be made available only for proper court purposes or for the attorneys for the parties and then not to be disclosed except upon proper presentation of the evidence in this proceeding.
5. The foregoing papers and documents held under seal are to be made available only to counsel of record, otherwise to remain under seal until further order of the court.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE