[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of a variance to the lot width requirement in the Stratford Zoning Regulations for a nonconforming lot which pre-existed zoning. The plaintiff was the owner of the lot and the unsuccessful applicant for the variance and has standing to maintain this appeal as an aggrieved party. Section 8-8, C.G.S.; Rogers v. Zoning Board of Appeals, 154 Conn. 484,488.
The subject property consists of two lots shown on a map containing over 200 lots which was recorded in 1909 as Map 51 in the Stratford Land Records. Zoning was not adopted in Stratford until 1927. The subject property, Lots 101 and 102 on the 1909 map, together have a width of 51 feet along Howard Street. The property is located in an RM-1 Zone in which a two family house is a permitted use, and the lot width requirement is 60 feet. In order to use the property, a variance of the lot width requirement for a distance of 30 feet from the street line is necessary. In 1923, before zoning, the lots were owned by Daniel Lydiksen. They were later conveyed to his wife Isabel Lydiksen, who later transferred the property to the plaintiff, Bradley S. Anderson, Trustee. There was a garage constructed on the lots in 1920, which was used for many years for the parking of vehicles from an adjacent parcel (Lots 103, 104 and 105) which contained a three family house. The adjacent property is in different ownership. There is no legal right to use the garage on the subject property for the owners of the adjacent three family house located at 33 Howard Street. The owners of the adjacent land previously agreed to construct a driveway and a garage on their own property.
The plaintiff proposed to construct a two family house on the property which met the minimum lot area requirements for the RM-1 zone. Since a two family dwelling is a permitted use, no use variance was required. The only variance needed was a variance of the sixty foot minimum width requirement for a distance of 30 feet from the street. The plaintiff requested a ten foot variance from the Stratford Board of Zoning Appeals (hereafter called the Board). The Board held a public hearing on the variance application on July CT Page 1768 6, 1993. At the public hearing neighbors objected, claiming that the street was narrow and congested, and that this might restrict access of emergency vehicles. There were also claims of parking problems on the street. On July 19, 1993, the Board denied the variance by a vote of 5 to 0, but gave no reasons for its decision.
Where a zoning board of appeals denies a variance and fails to state its reasons for doing so, the court must search the record to attempt to find some basis for the action taken. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369; Carini v. Zoning Board of Appeals, 164 Conn. 169, 171; Ward v. Zoning Board of Appeals,153 Conn. 141, 144. In this case the court presumes that the reasons given by the opponents to the variance, namely traffic and parking problems, were the reasons the board denied the variance. In most situations these would both be valid reasons for upholding the Board's decision. The court ordinarily cannot substitute its judgment for that of the Board as long as an honest judgment has reasonable and fairly been made after a full hearing. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 529, 531, 532. This case, however, presents that rare exception where the Board is legally compelled to grant a variance to allow some legal use of a non-conforming lot.
In order to grant a variance' under 8-6 (3) of the General Statutes, two conditions must be met: (1) the variance must be shown not to substantially affect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, supra, 368; Whittaker v. Zoning Board of Appeals,179 Conn. 650, 655; Smith v. Zoning Board of Appeals, 174 Conn. 323,326. The proposed use, namely a two family house on an undersized lot, is consistent with other uses in the area. All the surrounding property comes from parcels that were on the 1909 map and some do not comply with the area width requirements of the current zoning regulations. In addition, the adjacent property contains a three family house, and there are other two family houses in the area. A two family house, the proposed use, is also permitted by the zoning regulations. The situation here clearly meets the comprehensive plan component of the variance test. See Eagan v. Zoning Board of Appeals, 20 Conn. 561, 564.
Proof of the existence of unusual hardship is also a condition precedent to a granting of a variance. Nash v. Zoning Board of Appeals,165 Conn. 576, 577; Spencer v. Zoning Board of Appeals, 15 Conn. App. 387, CT Page 1769 389. The hardship which justifies a variance must be one that originates in the zoning ordinance itself, and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. Whittaker v. Zoning Board of Appeals, supra, 658; McMahon v. Board of Zoning Appeals, 140 Conn. 433, 442; Smith v. Zoning Board of Appeals, supra, 327. The property owner is not entitled to a variance where the hardship claimed is not different in kind from that generally affecting property in the same zoning district, namely where the hardship is not unique or unusual. Carini v. Zoning Board of Appeals, supra, 172; Ward v. Zoning Board of Appeals, supra, 143; Spencer v. Zoning Board of Appeals, supra, 391. As a result the Board usually cannot grant a variance for a general hardship in the neighborhood. Ward v. Zoning Board of Appeals, supra, 146; Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 598. However, where the effect of applying the zoning regulations to the subject property is so severe as to amount to practical confiscation, that is sufficient hardship to allow and even require the zoning board of appeals to grant a variance. Smith v. Zoning Board of Appeals, supra, 328; Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,152; Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,233-35, affirmed 211 Conn. 76; Lessner v. Zoning Board of Appeals, 151 Conn. 165, 171, Archambault v. Wadlow, 25 Conn. App. 375,383. The Smith, Stankiewicz, and Archambault cases all involve nonconforming lots resulting from changes in the zoning regulations which made them smaller than the minimum area requirements for the zone. A similar problem existed in Chevron Oil, where applying the setback regulations for the zone left only a minuscule area for construction of a building.
Lessner v. Zoning Board of Appeals, supra, 170, 171, is comparable to the situation here, since the owner could not obtain additional frontage to meet the minimum width requirement in order to build a single family residence in a single family residence zone. The granting of a variance to allow 100 feet of frontage instead of the required 120 feet was upheld, since failure to allow the variance would amount to confiscation. In Archambault v. Wadlow, supra, 382, 383, an appeal from the denial of setback variances was upheld. The lot contained 7500 square feet, less than the twenty thousand square foot minimum for the zone. While the lot could be used as a nonconforming lot, applying the setbacks to the 7500 square foot parcel effectively precluded construction of a single family residence on the non conforming lot. Without a variance of the setback requirement the value of the property was so significantly diminished that the denial of a variance amounted CT Page 1770 to a practical confiscation. Practical confiscation occurs when an ordinance so limits the use of land that it cannot be utilized for any permitted purpose without a variance. Id. 382; Chevron Oil Co. v. Zoning Board of Appeals, supra, 152. As in Lessner v. Zoning Board of Appeals, the plaintiff could not obtain additional frontage to meet the minimum width requirement, so the owner could not build a residence, a permitted use in the zone. In this case the proposed use for the lot as a two family residence is a permitted use, as well as all uses is allowed in a single family residence zone. Sections 5.1.1 and 5.1.2, Stratford Zoning Regulations. Section 5.1.5 also allows all accessory uses in 4.1.8, which includes a private garage for use of occupants of premises for not more than three vehicles on any lot, but an accessory use is not allowed except in conjunction with a permitted principal use. Moreover, allowing use of the lot for only a garage provides no practical benefit to the property owner, who owns no adjacent property. Under the circumstances here, denial of a variance for the minimum width requirement precludes construction of a residence on the lot, its only practical use.
The plaintiff as the lot owner of a nonconforming lot which preexisted zoning is entitled to use the lot even though he purchased it with knowledge of its nonconforming status. The buyer of a nonconforming lot caused by the enactment of or a change in the zoning regulations has the same right to obtain a variance as the seller of the property, and is not barred from obtaining a variance by the purchase with knowledge rule. Kulak v. Zoning Board of Appeals, 184 Conn. 479, 482; Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296, 300-301; Archambault v. Wadlow, supra, 382; see also Schultz v. Zoning Board of Appeals, 144 Conn. 332,338.
Whether a zoning regulation is unreasonable and confiscatory as to a piece of property depends upon the facts and circumstances of each case; the court examines the diminution in value of the land, the nature and degree of public harm to be prevented, and the alternatives available to the land owner. Archambault v. Wadlow, supra, 382, 383. In order to allow any principal permitted use for the subject property a variance of the lot width requirement was needed, and the record does not indicate any reasonable alternative use for the land if it cannot be used for the construction of a residence. Accordingly, without a variance, the lot has virtually no economic value to the owner. When not expressly stated by the Board, it presumably denied the variance because of concerns raised by area residents about traffic on Howard Street and lack of CT Page 1771 parking. While these concerns are reasonable ones, the minimal affect that development of a two family house on the subject property will have upon possible traffic and parking problems is far outweighed by the economic loss if the lot cannot be developed at all for a use that is expressly permitted by the zoning regulations. As the plaintiff notes, if the lot had ten additional feet of frontage no variance would be required and the neighbors would have no standing to complain about parking problems caused by development of the lot. In addition, common sense and the record discloses that a residence on the lot would have little or no impact on traffic or parking problems. Under 12.5 of the zoning regulations, a two family residence requires one parking space for each dwelling unit, and the location survey for the lot showed that there was adequate space for a residence and parking for two more vehicles. With off street parking available, vehicles using a residence on the subject property would not have to park on the street. The record disclosed a temporary parking problem related to the adjacent property of 33 Howard Street because it could no longer use the garage on the subject property for parking. A letter in the record indicated that the owner of it intended to construct a driveway on his own property, that the property was large enough to park at least four vehicles on it, and that he had the long term intention to construct a three car garage at the rear of the three family house. This temporary problem relating to other property should not preclude use of the subject property.
Development of the plaintiff's lot would also have no measurable affect upon any existing traffic problems in the area, caused by traffic volumes on the street. The minimal number of additional vehicle trips per day contributed by a one or two family residence would not cause or increase occasional traffic congestion or prevent access by emergency vehicles, even though there may be a significant amount of traffic at present on what is apparently a narrow street. While the variance opponents expressed concerns about the dangers that traffic in the area posed to children, it is difficult to see that a few more vehicles per day would make a difference or that vehicles from the subject property would be any more hazardous than the traffic from the existing residences of the neighbors themselves.
Under these circumstances here, the lack of any meaningful use to the subject property far outweighs any adverse effect upon the area if a residence is constructed on the property with adequate parking conforming to the zoning regulations. Since denial of a lot width variance amount to a practical confiscation of the lot, CT Page 1772 the Board was required to grant one. However, a zoning board of appeals has the authority to attach reasonable conditions to a variance. Burlington v. Jencik, 168 Conn. 506, 509; Wright v. Zoning Board of Appeals, 174 Conn. 488, 492. Conditions also enable the board to allow the use pursuant to the variance to be consistent with the general purpose and intent of the zoning ordinance. Burlington v. Jencik, supra, 509. Conditions attached to the variance might alleviate some of the parking problems which concerned the board and the neighbors. While the variance is required here, it is for the Board to determine proper conditions to be attached to the variance.
The appeal is sustained.
ROBERT A. FULLER, JUDGE