[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal is taken pursuant to General Statutes § 8-8 by the plaintiff from a decision of the defendant Lebanon Zoning Board of Appeals ("Board") upholding an order issued by the Lebanon Zoning Enforcement Officer to the plaintiff to cease year-round occupancy of the plaintiff's premises located at 257 Deepwood Drive, Lebanon.
Florence Kastner, the plaintiff's predecessor in title, applied to the Board and attended a public hearing on October 10, 1975, requesting a variance to allow for year-round occupancy of her home located at Lot 120C, Deepwood Drive, Amston Lake, Lebanon, Connecticut ("Lot 120C"). On November 14, 1975, the Board granted a variance for year-round occupancy of Lot 120C. The variance was granted for "Mrs. Kastner's life use only, subject to the condition that Lots 120 and 149 must be combined as one lot." The decision of the Board also specified that the variance would not be effective until recorded in the town land records by the landowner.
On September 22, 1975, Kastner complied with the condition imposed in the variance by combining Lots 149 and 120 by quit claim deed. The variance was not recorded until March 26, 1990. No appeal was taken from the granting of the variance in 1975 and Kastner continued to occupy the premises until she sold the property to the plaintiff in 1990. The premises are now known as 257 Deepwood Drive, Lebanon.
On May 19, 1992, the Lebanon Zoning Enforcement Officer ordered the plaintiff to cease occupying the premises at 257 Deepwood Drive as a year-round dwelling. The plaintiff appealed to the Board claiming error on the part of the Zoning Enforcement Officer and the Board upheld the action of the Zoning Enforcement Officer.
The plaintiff filed this appeal from the Board's decision upholding the Zoning Enforcement Officer's order on the basis that the Board's decision is arbitrary, illegal and in abuse of the Board's discretion.
A trial court may grant relief on an appeal from a decision of a local authority only where the authority has acted illegally, arbitrarily or has abused its discretion.Raybestos-Manhattan, Inc. v. Planning Zoning Commission,186 Conn. 466, 470 (1982). "The burden of proof is on the CT Page 5952 plaintiff to demonstrate that the board acted improperly."Spero v. Zoning Board of Appeals, 217 Conn. 435, 440 (1991).
The court is to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v.Planning and Zoning Commission, 211 Conn. 85, 96 (1989).
The failure to file a zoning appeal within the statutory time period deprives the trial court of jurisdiction over the appeal. Cardoza v. Zoning Commission, 211 Conn. 78, 82 (1989).
 We have also consistently held that when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. Moreover, we have ordinarily recognized that the failure of a party to appeal from the action of a zoning authority renders that action final so that the correctness of that action is no longer subject to review by a court.
Upjohn Co. v. Zoning Board of Appeals, 224 Conn. 96, 102
(1992) (citations omitted; internal quotation marks omitted). The only relevant exception to this rule is where the administrative action is void. Moscowitz v. Planning ZoningCommission, 16 Conn. App. 303, 313 (1988). "Where the challenge raised is the power of the agency to act, the failure to appeal immediately does not deprive the challenger of his right to bring the claim at a later date." Id.
The plaintiff argues that because a variance must run with the land, the imposition of the condition limiting the variance to "Mrs. Kastner's life use only" cannot be enforced. Thus, the plaintiff's appeal is properly before the court.
In Garibaldi v. Zoning Board of Appeals, 235, 230 (1972), the Supreme Court stated:
 By its very definition, a variance is granted with respect to a particular piece of property; it can be enjoyed not only by the present owner but by all subsequent owners. 2 Anderson, American Law of Zoning Section 14.29, p. 662. It follows then that a variance is not a personal exemption from the CT Page 5953 enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership.
Since variances are supposed to be granted regardless of who owns the land, the zoning board cannot condition a variance on the applicant's continuing to own the property. Beck v. NewCanaan Town, 6 CSCR 1115, 1117 (November 20, 1991, Ryan, J.)
When a condition imposed by a board is unreasonable, it may be revoked, set aside and declared to be void and of no force. Vaszauskas v. Zoning Board of Appeals, 215 Conn. 58,60 (1990). The variance granted to Kastner in 1975 specified that it was limited to "Mrs. Kastner's life use only." The use of this language creates an unreasonable condition and since a zoning board of appeals lacks the authority to impose an unreasonable condition, the Board was without jurisdiction to impose this condition when it granted the variance to Kastner in 1975.
In Vaszauskas v. Zoning Board of Appeals, supra at 60, the Supreme Court said:
 The imposition of a void condition, however, does not necessarily render the whole decision illegal and inefficacious. If the decision is otherwise supported by sufficient grounds as found by the board, a modification of the decision may be decreed with a view toward ending further litigation. On the other hand, where a condition, which was the chief factor in the granting of an exception, is invalid, the exception must fall. This court has reasoned that a condition imposed by a zoning authority is severable, from a variance that is otherwise valid, if the removal of the condition would in no way destroy the value or effectiveness of the variance. On this basis, we have held that the dispositive consideration is whether the condition was an integral part of the zoning authority's decision to grant the variance and, if so, the variance, even if valid in all other respects, cannot be upheld.
(Citations omitted; internal quotation marks omitted.) The language limiting the variance to "Mrs. Kastner's life use CT Page 5954 only" evidences the Board's consideration of the particular personal circumstances of the applicant. The record reflects that the Board granted the variance in 1975 because of Kastner's personal hardship and that it imposed the condition limiting the variance to "Mrs. Kastner's life use only" because she was fifty-eight years old, widowed and unable to afford to live elsewhere. The condition was an integral part of the Board's decision and, therefore, is not severable. Thus, the variance cannot be upheld.
For the foregoing reasons, the plaintiff's appeal is dismissed.
Hendel, J.