In this appeal, brought pursuant to §§ 19-73p and 4-183 of the General Statutes the plaintiff, a duly licensed convalescent nursing home, seeks an order from this court reversing a decision by the commission on hospitals and health care (CHHC) in denying to the plaintiff requested rate increases in its periodic per diem room rates for private and semi-private patients. The plaintiff contends that the instant decision is "illegal, arbitrary, and in abuse of the CHHC's discretion," and that the decision of the administrative agency exceeded and violated the scope of its statutory authority, and any decision it rendered should be illegal and void. The plaintiff gives three reasons why it considers the decision should be voided. First, the agency rendered the decision without having adopted rules of practice as required by the Uniform Administrative Procedure Act, § 4-167 of the General Statutes. Second, the agency rendered the decision without adopting standards, criteria, principles, or guides to the exercise of its discretion, thereby leaving the plaintiff without any guides or direction as to its "rate establishment" conduct in violation of the due process of law. Finally, the absence of any standards, guides, criteria, or principles for adjudication of rate review requests, such as the plaintiff's, permitted the commission on hospitals and health care to deny the plaintiff's request based on irrelevant and extraneous criteria not even related to the plaintiff's institution, thereby denying the plaintiff's request for rate increases in violation of due process of law. *Page 302 
The plaintiff did not raise those claims at the time of the hearing nor did the plaintiff raise those claims before the commission at the time it was heard in argument prior to the adopting of the final decision, denying the application. Those claims do not appear in any part of the record prior to this appeal. "To allow a court to set aside an agency's determination `upon a ground not theretofore presented . . . deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action.'" Hartford ElectricLight Co. v. Water Resources Commission,162 Conn. 89, 107. Failure to raise the issues in a timely manner may cause a waiver of any right to subsequently raise the issues on appeal. The commission has had no opportunity to review those arguments and arrive at a determination. The commission has a right and duty to apply the statutory provisions to the facts of this case, and the plaintiff seeks to ignore the commission by raising the issues for the first time on appeal. "The contention does not seem to have been raised or pressed by respondents up to that point. The responsibility of applying the statutory provisions to the facts of the particular case was given in the first instance to the Commission. A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reason for its action." Unemployment CompensationCommission v. Aragon, 329 U.S. 143, 155.
The plaintiff approached the commission seeking a per diem rate hike. It did not at any time object to the rules of practice or procedure of the commission. By its very acts, it sought a hearing under procedures then in effect. At no time did the plaintiff petition the commission on hospitals and health *Page 303 
care requesting the "promulgation, amendment, or repeal" of any regulations, although § 4-174 of the General Statutes[1] provided an avenue for it to do so. The plaintiff chose to ignore § 4-174. The plaintiff did not present the commission with any petition requesting the addition of a regulation not in effect nor did it request the repeal of any existing regulations or procedures. In fact, the plaintiff failed to bring up the matter of procedures or regulations at all until the appellate stage of the proceeding.
The supremacy of the law demands that there shall be opportunity to have some court decide whether the proceedings in which facts were adjudicated by an administrative body were conducted regularly, and § 19-73p assures that that opportunity is available. The review, however, should not be as unbending and stringent as when upper courts review lower courts. "A court, however, should be less strict as to procedures of administrators than are upper courts when dealing with lower courts; the action of an expert administrative body in determining particular remedial measures demanded in an individual case is not to be overturned by a court, unless the administrative body has lost sight of the law; and it has been asserted that a court will not review an administrative decision of a quasi-legislative or quasi-judicial character for mere procedural errors where the administrative agency, in arriving at the decision, violated no rule of law and the record does not show an abuse of authority or arbitrary or unreasonable *Page 304 
action." 73 C.J.S., Public Administrative Bodies and Procedure, § 230. While the plaintiff has complained about the purported abuse of "legal standards," it has not in any way alleged the deprivation of any statutory element of due process, regardless of whether there were regulations.
Contrary to the assertion of the appeal in the plaintiff's complaint, the General Assembly had expressly established the standards and criteria that the commission was required to apply in all its decisions of applications under chapter 334a of title 19 of the General Statutes, entitled "Commission on Hospitals and Health Care." The commission was authorized to "take into consideration the necessary expenses of the institution or facility concerned, the effectiveness of its delivery of health care services, the quality of available health care, the duplication of service by institutions and facilities in the area served, the community or regional need for any particular function or service, and any other factors which the commission deems relevant." General Statutes § 19-73k. There is no claim that the commission acted contrary to § 19-73k of the General Statutes. The commission obviously did act under those certain rules and regulations, and the plaintiff's contention therefore is that the commission did not adopt additional rules and regulations that would extend and define with greater specificity the standards by which the commission was to operate. Consequently, this court finds that the commission in arriving at its conclusions of fact based its decision on lawful criteria.
With that matter decided, the plaintiff's remaining contentions are readily dismissed. The plaintiff claims in its complaint that "defendant Commission relied upon evidence unrelated and irrelevant to the appellant's request, and at the same time prevented the appellant from rebutting such evidence adverse *Page 305 
to the appellant's request or providing the appellant with notice of the evidence relied upon, and an opportunity to rebut said evidence." The plaintiff is referring to the officers' salaries at Stula Pavilion as set out in the commission's summary of facts at the conclusion of the proceeding. In treating that matter summarily, it must be noticed that the final decision was not affected by those data. It was not included in the commission's computations of operating expenses or return on invested capital. Since the commission's decision did not rely upon that evidence to arrive at its findings, this court need not go any further in deciding if it is relevant. In establishing that claim as a basis for aggrievement and error, the plaintiff has the burden of showing that the reference to the officers' salaries at Stula Pavilion for fiscal year ending (F.Y.E.) September 30, 1973 in some manner entered into the commission's estimate of the reasonable amount of revenues and of the rates that the commission was to find under § 19-73i (b) of the General Statutes. The plaintiff does not sustain that burden.
The plaintiff's contention that the commission's denial of rate increase was based on a finding that the plaintiff has a "healthy cash flow" is without merit. The commission's use of that term was to explain that the movement of receipts and disbursement of money assets was found to be vigorous in F.Y.E. September 30, 1973. That was not the sole reason or even an important reason for the denial.
The fact remains that plaintiff failed to prove the facts of its projected income and expenses for F.Y.E. September 30, 1974, justifying the rate increase it requested. From the record it is apparent that the commission acted within its lawful discretion in weighing the evidence and hearing the witnesses. Its conclusion was neither arbitrary nor *Page 306 
capricious, and the plaintiff has failed to prove that the commission in any way exceeded its statutory authority.
Since it has been established that standards did indeed exist for a proper administrative proceeding, that the plaintiff submitted to those standards, and that it failed to object to those standards or petition for their amendment, the plaintiff was not deprived of property without due process of law. For the same reason, the commission's actions did not constitute a taking of the plaintiff's property for public use without just compensation.
 The plaintiff has failed to sustain the burden of proving that it is aggrieved, and consequently the appeal is dismissed.