[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Charles Black, from a decision by the defendant Zoning Board of Appeals denying his application for a variance.
Plaintiff owns property known as 304 New London Road, Colchester. He intends to run his business, CDT Motorcycle, there.
Plaintiff brought this timely appeal after his request for a variance was denied.
 AGGRIEVEMENT
The plaintiff has the burden of showing aggrievement. Aggrievement may be established by "facts established in the record as a whole, including the administrative record." StateLibrary v. Freedom of Information Commission, 240 Conn. 824,830-832 (1997). Plaintiff must both plead and prove aggrievement.
The issue of aggrievement is not contested.
The plaintiff is the owner of the property. Warranty Deed, Delana Severs to Charles Dewitt Black, December 5, 1995. Return CT Page 7315 of Record, Item.# 1. It was his application which was denied. The court finds the plaintiff is aggrieved.
 DISCUSSION
The plaintiff applied for a variance on March 12, 1997. The application for a variance contained a blank wherein the applicant was to state "Appropriate Sections of The Regulations (Be Specific). In the space provided, plaintiff wrote: "4F.4.4 Minimum Setback From Street Center Line 50 Feet." The Application had a question: "Is Hardship Claimed (Yes or No). If so, State Specific Hardship. " Plaintiff responded: "No." Application For Appeals, March 12, 1997. Return of Record, Item # 1.
A public hearing was held on the application for variance on May 20, 1998.
The record before the defendant Zoning Board of Appeals is straightforward.
The building set back line in this area is 50 feet. When plaintiff bought the property there was a building on it. The building was somewhat in disrepair. Plaintiff submitted an application for site development plan approval to the Zoning and Planning Commission. The proposed plan showed the existing building with some changes. The plan showed a ground level, concrete pad extending outward from the front of the building. The pad places extended into the setback area. The plan showed the pad being used to display merchandise (motorcycles). The plan as submitted by the plaintiff to the Zoning and Planning Commission did not show any roof structure extending into the setback area.
The Planning and Zoning Commission gave site plan approval on June 19, 1996.
Thereafter, plaintiff applied for a building permit. Plaintiff did not submit the site plan which had been approved by the Zoning and Planning Commission to the building official. The plans shown to the building authority showed a substantial roof structure extending out from the front of the building. A building permit was issued.
In early March 1997, a zoning official visited the site. He observed the roof structure at the front of the building extended CT Page 7316 well into the setback area. Plaintiff was just beginning to construct the offending roof; he did have the roof trusses, etc., on site. The zoning official told plaintiff the roof could not be built because it extended into the fifty foot setback. He told plaintiff he would not issue a cease and desist order immediately provided plaintiff took immediate steps to correct the problem. The record does not indicate the zoning official told plaintiff what steps to take to correct the problem. Plaintiff elected to continue with the construction. Letter, March 7, 1997, Alicia Lathrop, Zoning Enforcement Officer, to Charles Black, Return of Record, Item # 2. See also Memorandum, May 17, 1997, Alicia Lathrop, Zoning Enforcement Officer to Zoning Board of Appeals. Return of Record, Item # 7.
Plaintiff immediately applied for a variance of the regulation requiring the fifty foot setback.
At the hearing, plaintiff candidly acknowledged that the "only hardship that would be imposed here is one of financial." Transcript, May 20, 1997, p. 7. Return of Record, Item 14.
At the conclusion of the hearing, the following motion was made.
 I move that this application for 9-feet variance on reg. 4f.4.4 be declined due to the fact that there is no hardship stated in the application other than financial, and the regulations prohibit us from granting a variance.
The motion was seconded. Transcript, May 20, 1997, p. 8. Record Item # 14. The variance was denied.
The defendant board's minutes of its May 20, 1997 meeting state that "all present voted in favor. Motion carried." See minutes of the Colchester Zoning Board of Appeals, May 20, 1997, p. 2. Return of Record, Item # 13. The board unammously rejected the variance.
Our Supreme Court has defined the trial court's role where a zoning board of appeals has stated the reason(s) for its decision.
 "Where a zoning agency has stated its reasons for CT Page 7317 its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action.' (Citations omitted; internal quotation marks omitted.) Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 544, 600 A.2d 757 (1991)." Bloom v. Zoning Board of Appeals of the City of Norwalk, 233 Conn. 198, 208 (1995).
At another time, the Supreme Court held that where a decision of a zoning board of appeals is based on its finding of facts, the issue in such case is whether "that finding is supported by substantial evidence. Huck v. Inland Wetlands WatercoursesAgency, 203 Conn. 525, 541, 525 A.2d 940 (1987)." Zachs v. ZoningBoard of Appeals, 218 Conn. 324, 329-30 (1991). "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the decision." Francini v. Zoning Boardof Appeals, 228 Conn. 785, 791 (1994).
The court's role is limited. It must review the record (1) to "determine only whether the assigned grounds [no hardship] is reasonably supported by the record" and (2) "whether they [the assigned grounds] are pertinent to the considerations which the authority was required to apply under the zoning regulations."
The court understands that the plaintiff does not challenge the pertinence of the considerations which the zoning board of appeals was required to apply under the regulations.
The court's task is to determine whether the record before the board contains substantial evidence that the plaintiff had not demonstrated a hardship. The plaintiff's application disclaimed a hardship. His own testimony was that he had not shown a hardship except that caused by his construction and the likelihood that it would have to be torn down. Thus, the record clearly supports the board's conclusion that there was no hardship. CT Page 7318
Plaintiff clearly will suffer a financial loss because he will have to remove the roof structure which extends into the setback area. Just how much of the rest of the roof and its superstructure will have to be removed and reconstructed is not clear in the record. The court assumes the revamping will require substantial changes which will be very costly.
But this does not constitute a hardship.
 "A variance constitutes permission to act in a manner that is otherwise prohibited under the zoning law of the town. Burlington v. Jencik, 168 Conn. 506, 508, 362 A.2d 1338 (1975)." Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206 (1995).
 "It is well established, however, that the granting of a variance must be reserved for unusual or exceptional circumstances. Dolan v. Zoning Board of Appeals, 156 Conn. 426, 429, 242 A.2d 713 (1968); Ward v. Zoning Board of Appeals, 153 Conn. 141, 145, 215 A.2d 104 (1965); Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 661-62, 211 A.2d 687 (1965); Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 598, 575 A.2d 249 (1990). "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." Dolan v. Zoning Board of Appeals, supra, 430. Accordingly, we have interpreted General Statutes (Rev, to 1993) § 8-6[11] to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368, 537 A.2d 1030 (1988); Smith v. Zoning Board of Appeals, 174 Conn. 323, 326, 387 A.2d 542 (1978). Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. Point O'Woods Assn., Inc. v. Zoning Board of Appeals, CT Page 7319 178 Conn. 364, 368, 423 A.2d 90 (1979); Ward v. Zoning Board of Appeals, supra, 143; Kelly v. Zoning Board of Appeals, supra, 598. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; Krejpcio v. Zoning Board of Appeals, supra, 662; and neither financial loss nor the potential for financial gain is the proper basis for granting a variance. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239, 303 A.2d 743
(1972)." Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206-208 (1995).
With these principles in mind, it is clear that there was no evidence before the board which would justify the grant of variance.
On appeal, and particularly at oral argument, the plaintiff's main contention is that the board is collaterally estopped from denying the variance. Plaintiff asserts that the zoning official's failure to issue an immediate cease and desist order and instead letting him proceed with the construction is grounds for the estoppel.
The authorities do not aid the plaintiff.
For openers, our law reveals no case where a variance was granted on the basis of equitable estoppel. Bloom v. Zoning Boardof Appeals, 233 Conn. 198, 204 (1995). But in the same breadth, the Supreme Court stated: "The issue of whether the doctrine of equitable estoppel may be invoked to support a variance is not before us and we leave it for another day." Bloom v. Zoning Boardof Appeals, 233 Conn. 198, 2??, fn. 8 (1995).
Plaintiff claims that "another day" has arrived and asks this court to determine that equitable estoppel can support a variance.
The powers of a zoning board of appeals are limited to those granted by statute. They are enumerated in and granted by C.G.S. § 8-6. The power to decide an issue such as collateral estoppel is not one granted to a zoning board of appeals.
 "It is not the function of a zoning board of appeals to consider matters such as estoppel or laches in determining whether a variance should be granted. CT Page 7320 The board's power is restricted to that provided by the zoning ordinance in accordance with legislative or statutory enactments." (Internal quotation marks omitted.) Carini v. Zoning Board of Appeals, 164 Conn. 169, 319 A.2d 390 (1972). See also Adamski v. Bristol Zoning Board of Appeals, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 456996 (September 9, 1994, Goldberg, J.) (it is not the function of the zoning board of appeals to consider estoppel or laches); Osterberg v. Seymour Zoning Board of Appeals, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 031218 (November 15, 1990, Fuller, J.) ("Issues such as laches, estoppel and vested rights are not the type of issues that a zoning board of appeals is competent to determine.")
 "The failure of the municipality to enforce the zoning ordinance in the past is immaterial, since the board cannot consider estoppel or laches in deciding whether a variance should be granted, but is limited by the terms of the zoning ordinance and statutory requirements." R. Fuller, 9 Connecticut Practice Series; Land Use Law and Practice (1993) § 9.3, p. 151.
The court concludes that the defendant zoning board of appeals could not have considered the estoppel issue in determining whether the variance should be granted. Plaintiff did not claim equitable estoppel when presenting his application for a variance before the board. But, even if the plaintiff had claimed before the board that the variance should be granted on the basis of equitable estoppel, the board could not have granted the variance on that basis.
Even though the board was not presented with the claim that the variance was warranted on equitable estoppel grounds and the court holds that the board was powerless to do so, the court has reviewed the record with an eye to the equitable estoppel claim. Just what is equitable estoppel in this context?
 "The law of equitable estoppel as applied to municipalities in the enforcement of zoning laws is well established. In Zoning Commission v. Lescynski, 188 Conn. 724, 731-32, 453 A.2d 1144 (1982), we held that, in special circumstances, a municipality may be estopped from enforcing its zoning regulations. We CT Page 7321 recognized that, [in general,] estoppel always requires proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. Bozzi v. Bozzi, 177 Conn. 232, 242, 413 A.2d 834 (1979); Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344, 353, 365 A.2d 1093 (1976); Pet Car Products, Inc. v. Barnett, 150 Conn. 42, 53-54, 184 A.2d 797 (1962). West Hartford v. Rechel, 190 Conn. 114, 121, 459 A.2d 1015
(1983). [Internal quotation marks omitted.] Dornfried v. October Twenty-Four, Inc., 230 Conn. 622, 634-635
(1994).
The evidence before the board was that plaintiff submitted an application for site plan approval. It was granted. The plan as submitted and approved showed the building had a concrete pad extending out from the front of the building. That pad was flush with the ground. Part of the pad extended into the setback area. The plan did not show any roof structure extending out over the concrete pad; the plan did not show any building structure beyond the front wall of the building. When plaintiff applied for the building permit, the plan then submitted showed the roof structure extending beyond the front wall of the building. That plan did not show the building setback line. The plaintiff did not present the approved site plan to the building official. The building official assumed the building plan submitted by plaintiff conformed to the plan which had been approved as the site plan. It did not. Thus, the building permit was issued.
Plaintiff claims the board should be estopped from denying him a variance. There are several problems with this claim. Plaintiff is at least partially responsible for the mistake. He changed the plan; he added the roof overhang which encroached into the setback area after the site plan had been approved and did not inform the building official of this significant change. Thus, the plaintiff unwittingly induced the error which he now would rely upon to establish an estoppel. Plaintiff cannot benefit from a mistake which he induced.
The plaintiff also claims the zoning official's letting him proceed is grounds for estoppel.

CT Page 7322 "Despite the approval of his plans and after Mr. Black had completed a substantial amount of work on the building and roof trusses, Timothy York, a building official for the Town, cautioned Mr. Black in March, 1997, that the "roof over hang" was in "violation of the zoning set back requirements." (Return of Record, at ¶ 2.) Nevertheless, Mr. York stated that he "would not stop the job as long as [Mr. Black was] working on a solution to the violation and that [he was] aware that [he] might have to remove the roof area over the set back line." Id. The Town never issued Mr. Black a cease and desist order.
 "Seeking a solution to the alleged violation in accordance with Mr. York's caution, Mr. Black submitted an Application for Appeals to the Town of Colchester Zoning Board of Appeals (hereinafter the "Zoning Board") on March 12, 1997. Without the benefit of aid from counsel, Mr. Black stated in his application that he was not claiming hardship. Id.
 "On May 20, 1997, the Zoning Board heard Mr. Black's application for a variance. (Return of Record, ¶ 14, at 1.) The Zoning Board denied the plaintiff's application for a variance "due to the fact there [was] no hardship stated in the application other than financial." (Return of Record, ¶ 14, at 8.)
Plaintiff's Brief, January 5, 1998, pp. 2-3. [111.00]
Again, the record belies plaintiff's contentions. The zoning official told the plaintiff of the encroachment problem before any substantial part of the offending roof structure was installed. Plaintiff testified that the zoning official (Timothy York) told him of the problem "the day I started the [construction] process." Transcript, May 20, 1997, p. 2. Return of Record, Item # 15. When York told him of the problem, plaintiff elected to proceed with the construction. As he candidly admitted: "Oh yeah, I took that chance. What was I going to do stop?" Transcript, May 20, 1997, p. 7. Return of Record, Item # 14.
In the court's view, plaintiff's taking the chance negates equitable estoppel. CT Page 7323
The first time plaintiff claimed equitable estoppel was in oral argument before this court.
The question becomes then can this court take any action based on equitable estoppel in this appeal from the denial of a variance by the zoning board of appeals. The answer appears to be "no."
 "In considering the issues raised in [a variance] appeal, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676
(1989). The authority of the court is limited by 8-8 to a review of the proceedings before the Board. The function of the court in such a review is to determine whether the Board acted fairly or on valid reasons with the proper motives. Willard v. Zoning Board of Appeals, 152 Conn. 247, 248-49 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the Board. Burnam v. Planning and Zoning Commission, 189 Conn. 261, 265
(1983). The court cannot substitute its discretion for the liberal discretion confirmed by the legislature on the Board. The court is limited to granting relief only when it can be shown that the Board acted arbitrarily or illegally and consequently abused its statutory authority. Gordon v. Zoning Board, 145 Conn. 597, 604 (1958)." Jeckel v. Zoning Board of Appeals, Superior Court, judicial district of New London at Norwich, Docket No. 111492 (January 26, 1998, Purtill, J.T.R.).
It follows that if a zoning board of appeals cannot consider the issue of estoppel in the context of a variance application, then the court, whose scope of review is limited to reviewing matters properly before the board, is equally without authority to consider estoppel in an appeal form the denial of a variance application.
Our Connecticut Supreme Court has indicated that claims not presented and decided by an agency should not be grounds for a court's overturning the agency's decision in an administrative appeal.
 "To allow a court to set aside an agency's determination `upon a ground not theretofore presented CT Page 7324 deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action.' Unemployment Compensation Commission v. Aragon, 329 U.S. 143, 155, 67 S.Ct. 245, 91 L.Ed. 136; see Sunray Mid-Continent Oil Co. v. Federal Power Commission, 364 U.S. 137, 158, 80 S.Ct. 1392, 4 L.Ed.2d 1623." Hartford Electric Light Co. v. Water Resources Commission, 162 Conn. 89, 107 (1971).
See also, Burnham v. Administrator, Unemployment CompensationAct, et al., 184 Conn. 317, 323 (1981); and, Valley ViewConvalescent Home v. Commission on Hospital and Health,32 Conn. Sup. 300, 302 (1975).
The plaintiff's appeal is dismissed.
Parker, J.