[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4232
On April 20, 1998 the Wallingford Zoning Board of Appeals heard an application for a zoning variance filed by Richard Stevens. Richard Stevens held an option to purchase the subject real estate premises identified as 468 North Colony Road, Wallingford. The subject premises fronts 50' by North Colony Road, Northerly by land of Kobrin 320 ± North Colony Road) and Southerly by land of Stancuna (plaintiff herein) 320 ± (462-464 North Colony Rd). The subject premises is located in a CB 40 zone requiring 20' side yard setbacks. Richard Stevens sought to vary the side yard to 3' on the south and to 9' on the north. This application was denied. Although the record is not clear, the denial may have been based on some confusion by the board as whether the hardship claimed by Stevens was economic or noneconomic.
On June 24, 1998 Stevens acquired title to the subject premises.
On June 26, 1998 Stevens filed an application to the Wallingford Zoning Board of Appeal for a variance seeking to vary the required 20' side yard sets to 13' on the south and to 3' on the north. Stevens' application dated June 26, 1998 briefly describes the appeal as "Permission sought to allow side lot of 13' on South Side and 3' on North Side where 20' is required, to build a 34' w by 60' deep building".
Further "Strict application of the regulations would produce an unreasonable hardship because side line requirements of 20' permits only a building 10' in width. Proposed building is reasonable considering size and neighborhood. Best Use of Land."
The Wallingford Zoning Board of Appeals conducted a hearing on this application for a variance on July 8, 1998. The Wallingford Zoning Board of Appeals granted the application for a variance stating "Eliminate a problem because property predates zoning."
The plaintiff, Vernon Stancuna, who as an abutting land owner is statutorily aggrieved to file this appeal, claims that the application for variance dated June 26, 1998 is substantially CT Page 4233 similar to the application for variance filed by Stevens earlier disenabling the Wallingford Zoning Board of Appeals from hearing it and Vernon Stancuna further claims that the Wallingford Zoning Board of Appeals acted arbitrarily, unlawfully and in abuse of its discretion in granting the application for variance dated June 26, 1998.
A trial court "review(s) the decision of zoning board of appeals to determine if the board acted arbitrarily, illegally or unreasonably". Wnuk v. Zoning Board of Appeals, 225 Conn. 691,695-696 (1993)". The trial court has to decide whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts" Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440 (1991). "In granting a variance, the board is presumed to have acted fairly and upon valid reasons unless the contrary is shown". Burlington v. Jencik,168 Conn. 506, 509-509 (1975). "Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations"Bloom v Zoning Board of Appeals, 233 Conn. 198, 208 (1993). "The burden of proof to demonstrate that the board acted improperly is upon the plaintiff'. (Internal quote marks omitted) Id. 206; see also Pleasant View Farm Development, Inc. v. Zoning Board ofAppeals, 218 Conn. 265, 270 (1991). The question is whether the reasons assigned by the board are reasonably supported by the record and are pertinent consideration for granting a variance.Chevron Oil Company v. Zoning Board of Appeals, 170 Conn. 146,151-154 (1975). The court should not go beyond the official statement of the board, Id 153.
The court should not substitute its judgment for that of the board as long as an honest judgement has reasonably and fairly been made after a full hearing. Stankiewich v Zoning Board ofAppeals 15 Conn. App. 729, 732 (1988).
Stevens claims the June 26, 1998 application is substantially dissimilar from his previous application heard by the board on April 20, 1998 in the following respects:
a.) The southerly sideyard setback was increased from 3' from 13'. (Parenthetically this would seem to somewhat accommodate the plaintiff, who is Stevens southerly neighbor and only vocal opponent.) CT Page 4234
b.) The northerly sideyard setback sought was 3' coupled with a 15' driveway easement over Stevens northerly neighbor's southerly portion of his lot. This was done to increase vehicular access (including emergency vehicles such as fire trucks) to both premises identified as 468 No. Colony Road (Stevens Property) and 476 No. Colony Road (Kobrin Property) This driveway arrangement for both properties eliminated a curb cut on No. Colony Road which was supported by the Wallingford Public Safety Director and the State Traffic Commission).
c.) The size of the contemplated building was decreased from 4180 sq. ft. to 2040 sq. ft.; being a building 34' x 60'
The plaintiff, Vernon Stancuna, claims that these dissimilarities are not sufficiently dissimilar to enable the board to hear Stevens application for variance dated June 26, 1998.
The board accepted these dissimilarities as substantial and proceeded with the public hearing on July 8, 1998. A careful review of the record indicates that the board acted legally and reasonably in this respect.
Admittedly the plaintiff rightfully pointed out that the size of the building was an economic issue rather than a non-economic issue. This court agrees with the plaintiffs contention as regards the size of the building but finds that the board's conclusion that the two applications were substantially dissimilar to warrant proceeding to a public hearing on Stevens' application for a variance dated June 26, 1998 was reasonable and legal. The zoning board of appeals is presumed to have acted fairly and upon valid reasons. Burlington vs. Jencik, Id. The plaintiff has failed to rebut this presumption.
In order for a zoning board of appeals to grant a variance under Connecticut General Statutes 8-6(3)[1], two conditions must be met: (1) the variance must be shown not to substantially effect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v Zoning Board of Appeals,206 Conn. 362, 368 (1988).
The Wallingford Zoning Board of Appeals granted Stevens' CT Page 4235 application for a variance dated June 26, 1998 stating as the reason "Eliminate a problem because property predates zoning". A careful review of the record indicates that this reason is legally and reasonably supported. The record reveals that the lot predates zoning. Therefore the imposition of 20' sideyard set backs would create an unusual hardship. Further the granting of the application for variance is within the purview of Connecticut General Statutes 8-6(3) in several respect
Granting the variance was consistent with the comprehensive zoning plan as it would eventually eliminate a residential use in a commercial zone.
Further, granting the application, the public health, safety, convenience and welfare as expressed by the Public Safety Director and the State Traffic Commission was conserved in the following respects:
a.) Eliminate a curb cut on North Colony Road
b.) Improved vehicular access to the subject premises and 478 North Colony Road
c.) Improved off street parking and off loading, etc. at the subject property and 478 North Colony Road.
This court finds that the Wallingford Zoning Board of Appeals acted legally and reasonably in granting Stevens' application for a variance dated June 26, 1998. The plaintiffs appeal from the decision of Wallingford Zoning Board of Appeals is dismissed.
JOHN W. MORAN, JUDGE