[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, West Broad Street Company, appeals from the decision of the defendant, the zoning board of appeals of the city of Stamford (board), granting a modification of conditions to an existing variance of the defendant, Riverbank Motors Corporation (Riverbank).
The plaintiff, West Broad Street Company, is the owner of the property located at 42 West Broad Street in Stamford, Connecticut, which it leases to Riverbank Motors Corporation, a car dealership. (Return of Record [ROR], Item 6, p. 23.) Riverbank also operates its dealership on 52 West Broad Street, a parcel which it owns, and on 67 Schuyler Avenue, owned by the defendant Janet Krug (Krug). (COLA ROR, Item 6, p. 1, p. 7.)[1] The parcel on 52 West Broad Street abuts the plaintiff's parcel on 42 West Broad Street. The parcel on 67 Schuyler Avenue is located within 100 feet of the plaintiff's parcel. All three parcels are contiguous. (ROR, Item 1, p. 6.)
West Broad alleges that he parcel located at 52 West Broad Street, which is owned by Riverbank, was located in a commercial zone (C-G) until 1985, when it was changed to a neighborhood commercial (C-N) zone. (10/4/99 Appeal, pp. 1-3.) It further alleges that the parcel located at 67 Schuyler Avenue, which is owned by Krug, originally lay partially in the C-G zone and partially in the multiple family residence district (R-MF) until 1985 when the C-G zone was changed to a C-N designation. Id. Thus, West Broad alleges that 52 West Broad Street is currently situated in the C-N zone, while 67 Schuyler Avenue is located partially in the C-N zone and partially in the R-MF zone. Id. It also alleges that the parcel at 42 West Broad Street is zoned C-N as well. Id. Although the sale of automobiles is permitted in the C-G zone, it is not permitted in C-N or R-MF zones. Id. CT Page 2593
On July 12, 1999, Riverbank and Krug applied to the board for a modification of four of the five conditions attached to a prior variance granted by the board on January 2, 1964. (ROR, Item 1, p. 1.) The 1964 variance allowed the use of a portion of 67 Schuyler Avenue, located in the R-MF zone for the same use as the adjacent parcel located at 52 West Broad Street, which was located in the C-G zone in 1964 and has since been redesignated a C-N zone. (ROR, Item 1, p. 6.) The variance granted on January 2, 1964 permitted "the use in the least restricted section of a lot situated in the District on the east side of Schuyler Avenue to extend into the most restricted section of said lot in the R-MF district for its full width and depth. The property in its entirety is bounded and described as follows: Northerly 203 feet by land of Stamford Federal Savings Loan Association and West Broad Street Corp.; Easterly 127 feet by land of West Broad Street Corp. and Peter Cab Et Al; Southerly 203.50 feet by land of Modesto M. DeVasto Et Ux and Westerly 121 feet by Schuyler Avenue." Id. The variance was granted subject to five conditions: "1. The layout is to be as shown on the sketch submitted to the Board. 2. The use is to be for parking purposes only. 3. There is to be no ingress to or egress from Schulyer Avenue. 4. There is to be no parking of vehicles within five (5) feet of the southerly boundary line.[2] 5. There shall be screening with shrubs along the southerly and westerly property lines and said screening shall be planted before said property is in use." Id. Riverbank's application for modification of the 1964 variance, dated September 8, 1999, seeks to modify the five conditions of the variance. (ROR, Item 1, p. 4; ROR, Item 6, p. 14.)
After a public hearing on September 8, 1999 for modification of conditions to the prior variance, the board granted the application. (ROR, Item 7, p. 38.) West Broad, pursuant to § 8-8, appeals the granting of the application on the grounds that: (a) Riverbank did not establish hardship, (b) any hardship was self-created, and (c) the board failed to assign a proper reason for granting the application. (10/4/99 Appeal, ¶ 10.) West Broad commenced appeal by service of process on 10/8/99 upon the zoning board of appeals, Riverbank, and Janet Krug. (Sheriff's return.)
General Statutes § 8-8 governs an appeal from the decision of a planning and zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276,283, 487 A.2d 559 (1985). Such provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) CharlesHoldinas, Ltd. v. Planning and Zoning Board, 208 Conn. 476, 478-79,544 A.2d 633 (1988). CT Page 2594
The plaintiff must plead and prove aggrievement. Smith v. Planning andZoninia Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987). "Only if the plaintiff has established aggrievement can the court proceed to consider the merits of [the] claim." McNally v. Zoning Commission, 225 Conn. 1,6, 621 A.2d 279 (1993). Aggrievement implicates the plaintiff's standing to appeal. Primerica v. Planning and Zoning Commission, 211 Conn. 85,92, 558 A.2d 646 (1989). General Statutes § 8-8 (a)(1) provides, in part, that "`aggrieved person' includes any person owning land that abuts . . . any portion of the land involved in the decision of the board."
In the present appeal, West Broad alleges that it is statutorily aggrieved because it is the owner of land abutting the property involved in the application for modification of conditions to a variance. (10/4/99 Appeal, ¶ 9.) On September 23, 1999, James J. Lunney III, the zoning enforcement officer for the city of Stamford, certified that the property at 42 West Broad is owned by West Broad. (ROR, Item 8, p. 3.) At a hearing before this court on October 3, 2000, West Broad also submitted into evidence its deed to the property located at 42 West Broad Street into evidence. Accordingly, West Broad has properly pleaded and proven aggrievement.
General Statutes § 8-8 (b) provides, in part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (0 of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (e) further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8 (e).
On September 8, 1999, the board held a public hearing on the modification application of Riverbank and Krug. (ROR, Item 7.) Following the close of the public hearing, the board voted to grant the application by unanimous vote. (ROR, Item 7, p. 38.) The record contains a "City of Stamford Legal Notice" with the following notation in the upper right corner: "To be printed: September 23, 1999"; (ROR, Item 9); and West Broad alleges that the legal notice was published in a Stamford newspaper on or about September 23, 1999. (10/4/99 Appeal, ¶ 9.) On October 10, 1999, this appeal was commenced by service of process upon assistant city clerk Virginia Rappa, chairman of the zoning board of appeals John Sedlak, and Janet Krug. (Sheriff's return.) Accordingly, the court finds that the appeal was timely filed.
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloom v. Zoning Board ofCT Page 2595Appeals, 233 Conn. 198, 205, 658 A.2d 559 (1995). "(T]he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Spero v. ZoningBoard of Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary, or illegal." Id. "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 206. "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision."Ferreira v. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519
(1994). "In order to determine whether the board properly granted the subject variance, we must first consider whether the board gave reasons fonts action." Scalzo v. Danbury, 224 Conn. 124, 129, 617 A.2d 440
(1992). "Where a zoning agency has stated its reasons for its action, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action. Where a zoning board of appeals does not formally state the reasons for its decision, however, the trial court must search the record for a basis for the board's decision." Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 208.
"It is well settled that the courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." Jaser v. Zoning Board of Appeals,43 Conn. App. 545, 547, 684 A.2d 735 (1996). "The court's function is to determine on the basis of the record whether substantial evidence exists to support its findings. Evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. Where the board states its reasons on the record we look no further." (Internal quotation marks omitted.) Id. The court finds that the board did not give a formal collective reason for its decision. This court will therefore, look to the record for evidence supporting the board's decision.
As previously noted, the board ultimately approved West Broad's CT Page 2596 application for a modification of conditions on the existing variance. West Broad argues that in order for a zoning board of appeals to grant a variance, the applicants must prove hardship. West Broad further argues that where conditions attached to an initial variance, an application to remove the conditions requires proof of hardship. West Broad alleges that where a variance is granted, it must be strictly construed to limit to the minimum the variance which is sufficient to relieve the hardship. West Broad argues that there was no proof of hardship for modification of conditions 2, 3, and 5 of the 1964 variance and that the inconvenience of the property owner in not being able to use Schuyler Avenue for ingress and egress is not a hardship.
West Broad also argues that the board did not prove any type of hardship and West Broad characterizes any purported hardship as "self-created." West Broad also argues that the board was precluded by statute from granting a variance and that, consequently, the appeal must be sustained.
Riverbank responds that the requested modifications to conditions 2, 3, and 5 were essentially "cosmetic." Riverbank argues that it did not seek to change its proposed use of the area governed by variance and that it did not seek to increase the intensity of its use, but instead merely sought to clarify the existing variance. Riverbank further contends that hardship need only be shown when the sought modifications are an integral part of the board's decision to grant the variance. Riverbank contends that the conditions of the variance were "cosmetic" and that a requirement of hardship was not necessary. Riverbank relies upon the case of Caseria v. Zoning Board, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 31230 (June 12, 1995, Levin, J.) to support its argument. Riverbank further contends that the board has broad discretion to modify the conditions on the existing variance and that the appeal should be dismissed.
"A variance is authority extended to the owner to use his property in a manner forbidden by the zoning enactment. In granting a variance, the board is presumed to have acted fairly and upon valid reasons unless the contrary is shown, and the board has broad discretion to grant variances. A zoning board of appeals may, without express authorization, attach reasonable conditions to the . . . variance." (Citations omitted.)Burlington v. Jencik, 168 Conn. 506, 508, 362 A.2d 1338 (1975). Zoning boards of appeals may grant variances subject to reasonable conditions. Id., 509. "[T]he variance and the attached conditions are inextricably linked, the viability of the variance being contingent upon the satisfaction of the conditions." Id., 510. Conditions attached to a variance must be reasonable. Vaszauskas v. Zoning Board of Appeals,215 Conn. 58, 65, 574 A.2d 212 (1990). CT Page 2597
Riverbank argues, citing Caseria v. Zoning Board of Appeals, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 312301 (June 12, 1995, Levin, J.), that a request for modification of conditions of a variance does not require a showing of hardship. The court inCaseria held that "hardship is not an element that the plaintiff has to demonstrate to qualify, for a change in condition attached to a variance." Id. It further held that "an applicant who seeks the modification of a condition attached to a variance must show that a material change in circumstances has made the condition unreasonable." Id. Caseria, however, has been overruled by Fleet National Bank v. ZoningBoard of Appeals, 54 Conn. App. 135, 734 A.2d 592, cert. denied,250 Conn. 930, 738 A.2d 656 (1999). The court in Fleet overruled the trial court which, like the Caseria court, relied upon the material change standard as opposed to the hardship test. Fleet National Bank v.Zoning Board of Appeals, supra, 54 Conn. App. 139. In contrast to the erroneous elucidation by the court in Caseria, the hardship requirement must be met by the applicant requesting a modification of conditions of an existing variance. Fleet National Bank v. Zoning Board of Appeals, supra, 54 Conn. App. 139-40.
Riverbank attempts to state its request for modification of conditions on an existing variance as a clarification rather than a genuine modification. (ROR, Item 6, p. 6.) As previously noted, the term modification carries significant implications. Under the relevant case law, a genuine modification of a condition will require a showing of hardship. Fleet National Bank v. Zoning Board of Appeals, supra,54 Conn. App. 139-40. Riverbank therefore attempts to portray all three of its proposed "modifications" as clarifications. Riverbank essentially asks this court to look beyond the "modification" in order to discern whether the proposed changes do, in fact, modify the existing conditions, or merely clarify, interpret, and explain them. The nature of Riverbank's proposed changes therefore comprises this court's central point of analysis in reviewing the board's decision. Riverbank argues that all three proposed changes constitute clarifications of the existing conditions, and not, as West Broad contends, as bona fide modifications which would, if implemented, inexorably alter the nature and scope of the variance.
Although Riverbank's and Krug's application is entitled "Request for Modification of Conditions on an Existing Variance," each of Riverbank's proposed changes must be analyzed separately to determine whether it constitutes a genuine modification, or merely constitutes a clarification. An analysis of the three proposed changes is therefore appropriate. CT Page 2598
Condition 3 originally stated: "There is to be no ingress to or egress from Schuyler Avenue." (ROR, Item 1, p. 6.) Riverbank's proposed change to the condition states: "Ingress to and egress from Schuyler Avenue shall be limited to (a) those activities required in connection with the delivery of new inventory automobiles, and (b) refuse collection vehicles." (ROR, Item 1, p. 4.) Riverbank seeks permission to perform an activity which the existing condition forbids and, as such, would alter the fundamental nature of the condition and the variance of which it is an intrinsic part. It may be the case that the board would look favorably upon such a proposed change. Riverbank, however, may not implement such a change through the vehicle of this application. Due to the nature of the proposed change, Riverbank must satisfy the hardship requirement before the board is entitled to change the scope of the variance by granting such a modification. See Fleet National Bank v. Zoning Board of Appeals, supra, 54 Conn. App. 139-40. Riverbank responded to the application's request to describe its hardship with the response "N/A." (ROR, Item 1, p. 2.) Given the standard usage of this abbreviation, this court takes this response to mean "not applicable." This court finds that the proposed change, which requests that a proscribed use under the existing variance be allowed and officially recognized, constitutes a modification to condition 3 and not a mere clarification as Riverbank contends. Riverbank is therefore, required to establish hardship, which it has not done. SeeFleet National Bank v. Zoning Board of Appeals, supra,54 Conn. App. 139-40. Accordingly, this court sustains West Broad's appeal with regard to the board's granting of condition 3.
Condition 5 of the 1964 variance states: "There shall be screening with shrubs along the southerly and westerly property lines and said screening shall be planted before the property is in use. (ROR, Item 1, p. 6.) Riverbank's application proposed a change in language to this condition which reads: "The applicant shall install and maintain an opaque fence not less than six (6) feet tall along the southerly property line. Along the westerly property line, the applicant shall install screening with shrubs. Said shrubs shall be an evergreen type planted not less than six (6) feet on center and shall be perpetually maintained." (ROR, Item 1. p. 4.) As in the case of condition 3, Riverbank argues that the proposed change to condition 5 is a clarification of an existing condition. The installation of an opaque fence on the property, however, is not a mere clarification of the existing condition but instead comprises such an alteration of the existing permitted use as to modify and broaden the scope of the condition. While shrubs and fencing may serve approximately the same purpose, this court cannot ignore the degree of fundamental change to the property which would result from the installation of a fence. It may be the case that Riverbank could demonstrate hardship to the board's satisfaction. That question, however, is one which must be determined by the board upon a proper establishment of hardship by CT Page 2599 Riverbank. Riverbank has not proven hardship with regard to condition 5. (ROR, Item 1, p. 2.) Accordingly, this court sustains the appeal with regard to proposed changes to condition 5.
Condition 2 of the existing variance states: "The use is to be for parking purposes only." (ROR, Item 1, p. 6.) Riverbank's proposed change states: "The use shall be limited to the parking of automobiles stored as inventory in connection with the new and used automobile car dealership located on the adjacent parcel(s) known as 42 West Broad Street and 52 West Broad Street." (ROR, Item 1, p. 4.) On its face, this proposed change, unlike those previously discussed, constitutes a clarification of an existing condition of the variance. Riverbank argues that its proposed change is a mere description of the existing condition and contends that it is seeking formal recognition of an activity which it has carried on for over 35 years, with, it contends, the implied (if not the express) blessing of the board.
West Broad argues that Riverbank's proposed clarification of the phrase "parking purposes only" so broadens the scope of the condition as to fundamentally alter the nature of the variance. In advancing its argument, West Broad marshals language from the Zoning Regulations of the City of Stamford in effect at the time the original variance was issued. The Zoning Regulations of the city of Stamford, adopted November 30, 1951, which were in effect at the time of the granting of the original variance in 1964, defined the term "parking area" as "[a]n area other than a street used for the temporary parking of more than four (4) automobiles not for sale." Zoning Regulations of the City of Stamford, § 3-18, ¶ 71. The existing condition, however, does not use this term but instead uses the term "parking purposes only." (ROR, Item 1, p. 6.) West Broad nevertheless characterizes Riverbank's storage of inventory on 67 Schuyler Avenue, a use it claims to have carried on for over 35 years without complaint from either the community or the zoning authorities, as an illegal use. West Broad contends this use is illegal and not nonconforming because the parking of inventory cars has never been a legal use of the property, whether on that portion that was once zoned C-G and was changed to a C-N zone in 1985, or on that portion that has always been zoned R-MF.
During the public hearing on September 8, 1999, and during its meeting to discuss the application on the same date, the board considered the arguments, evidence, and witnesses put forth by both parties. (ROR, Item 6; ROR, Item 7.) At the hearing, West Broad's representative argued that at the time the original variance was granted, it was not Riverbank, but a sole individual who was granted the variance, and that the original condition 2 referred to his parking needs only as opposed to those of a car dealership. (ROR, Item 6, pp. 23-24.) West Broad maintained that the CT Page 2600 board, when granting the original variance and conditions, did not intend to provide for the storage of vehicles for sale and that the regulations forbid such a use. (ROR, Item 6, pp. 26, 28.) West Broad's representative therefore described the proposed change in language as a modification, which, as the court has noted, would require a showing of hardship. (ROR, Item 6, p. 38.)
In response, Riverbank's representative responded that at the time this variance was granted in 1964 its dealership was already up and running and that the board knew that Riverbank intended to store inventory on the parcel located at 67 Schuyler Avenue. (ROR, Item 6, p. 42.) Riverbank, likewise, distinguished between the zoning regulation term "parking area," which forbids the storage of inventory, and the term "parking purposes," a definition accepted by the board and entitling Riverbank to store its cars on the parcel. (ROR, Item 6, p. 43.) Riverbank maintains that the implication of these linguistic variations would be even more clear were the records of the original variance hearing before the board available. (ROR, Item 6, p. 43.) At the September. 8, 1999 hearing, Mr. Goldstein, the owner of Riverbank, noted that the parcel at 67 Schuyler Avenue was not conducive for the use of customer parking and that this was a factor the board knew about when granting the original variance. (ROR, Item 6, p. 45.) In deciding to grant the modification to condition 2, the board considered the evidence presented by both parties, and found Riverbank's arguments to be more credible. It is noted that the term "parking purposes only" is ambiguous. It is further noted that Riverbank and the board's interpretation of this term is not contradicted by the zoning regulations.
"Generally, it is the function of a zoning board or commission to decide . . . whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. . . . [i]n applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Irwin v. Planning and Zoning Commission, 244 Conn. 619, 627,711 A.2d 675 (1998). The board considered the relevant factors and the merits of both sides of the issue and voted to grant the modification. (ROR, Item 7, p. 38.) At the board's internal meeting regarding this matter, it noted that it was not "expanding the area" of the variance. (ROR, Item 7, p. 12.) The board further noted that this proposed change in language does not alter the use which has been legally carried on for 35 years. (ROR, Item 7, p. 13.) The board noted that the intent of Riverbank's proposed "modification" was merely to clean up vague language." (ROR, Item 7, p. 16.) Further, the board stated that it has no problem with 67 Schuyler Avenue being used for the storage of inventory and that its only potential concern is that it should only be used for CT Page 2601 that purpose. (ROR, Item 7, p. 41-42.)
In light of the evidence on the record, the record supports the board's action concerning proposed changes to condition 2. In so doing the board stated that it was merely defining a somewhat linguistically vague condition attached to a 35 year old variance. Where the board has supported its decision with adequate reasoning, this court must defer to the board's judgment. See Bloom v. Zoning Board of Appeals, supra,233 Conn. 208. With regard to the granting of the modification to condition 2, the plaintiff has not met its burden in that the board acted illegally, arbitrarily, or in abuse of its discretion. This court, therefore, dismisses West Broad's appeal from the decision of the board granting the modification of condition 2 of the variance.
Based upon the foregoing, the court hereby sustains the appeal in part and dismisses the appeal in part. The court hereby sustains West Broad's appeal with respect to the board's granting Riverbank's application seeking to modify the third and fifth conditions. Furthermore, the court hereby dismisses West Broad's appeal with respect to the board's granting Riverbank's application seeking to modify the second condition.
KARAZIN, J.